**PORT-WIDE CONTAINER COMPANY, Inc., Appellant in No. 19120, Mario Scaffidi and James (Vincent) Scaffidi,**

v.

**INTERSTATE MAINTENANCE CORPORATION and Santo Di Mare.**

Appeal of Mario SCAFFIDI, in No. 19121.

Appeal of James (Vincent) SCAFFIDI, in No. 19122.

Nos. 19120–19122.

United States Court of Appeals, Third Circuit.

Argued March 2, 1971.

Decided April 13, 1971.

**1196**

John I. Magod, Mezey & Mezey, New Brunswick, N. J., for appellants.

James R. Zazzali, Zazzali & Zazzali, Newark, N. J., for appellee.

Before HASTIE, Chief Judge, and ADAMS and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

In this contractual action a default and a judgment by default were entered by the clerk of the district court under Rule 55(b) (1), Federal Rules of Civil Procedure. Subsequently, the defendant moved to vacate the default judgment. That motion was denied and this appeal followed.

It is argued that the entry of judgment by the clerk without notice, as provided in Rule 55(b) (1), rather than by the court after notice, as provided in Rule 55(b) (2), was improper. Subsection (b) (1) authorizes the procedure followed in this case only if the defendant "has been defaulted for failure to appear." We are urged to view this as a case in which the defendant had "appeared".

Normally, appearance in an action involves some presentation or submission to the court. Nothing of that kind was done here. Rather, over a period of many months after the filing of the complaint there were many oral and some written communications between counsel for the parties with a view to settlement. Although participation in such negotiation did not amount to an appearance in this action, such activity might have significance as implying that the plaintiff would not claim a default while negotations continued. However, in this case, after long continued futile efforts to achieve a settlement, plaintiff's attorney hand-delivered to a secretary in the office of defendant's attorney a letter, reading as follows:

"Kindly file your answer in the above matter by March 6, 1971. If the answer is not filed by that time I will seek a default. As you know, the Complaint was filed well over six months ago.

"All of the above does not preclude a settlement along the lines we have discussed provided the matter is settled by the above date. If you wish to call, you may do so. I have tried to reach you five times in the past month but I have been unsuccessful."

Unfortunately, according to defense counsel, the secretary in question was an unsatisfactory employee whose employment was terminated at the close of the very day she received the letter and she never delivered it to her employer. However, this circumstance did not make it inequitable for plaintiff's attorney, who had properly given notice of his intention, to proceed in accordance with the rules governing default.

The district judge did consider the fact that defense counsel never received the quoted letter but concluded that in all of the circumstances of the case it was not inequitable or unduly harsh to permit the default judgment to stand. We have examined all of the evidentiary matter submitted by the parties to the district court. We find no abuse of discretion in the action of the court. Nothing in the record indicates that the judgment as entered was a harsh or excessive award.

The judgment will be affirmed.