This is an appeal from the Circuit Court of Sumter County's action denying the appellant's Rule 60 (b) ARCP motion.
The appellant, by the Rule 60 (b) motion, sought relief from a default judgment. The default judgment was taken in a condemnation proceeding wherein a truck was forfeited to the State of Alabama. As indicated, the learned trial judge denied the Rule 60 (b) motion and we reverse.
From the record before this court, it appears the owner of the truck faced several criminal charges related to alleged drug offenses as well as the condemnation actions. He had been convicted of one such offense and his case was on appeal. The owner's attorney represented him in the criminal matters and also in the condemnation actions. The State sought to condemn not only the truck involved in this appeal, but also a cattle trailer seized along with the truck. The owner's attorney successfully obtained the release of this trailer. *Page 362 
The action to condemn the truck commenced with the State's filing of a complaint in November of 1978. The owner having failed to answer, the default judgment was entered in January of 1979. No notice of application for default pursuant to Rule 55, ARCP, was served upon the owner.
In March of 1979, the owner filed a motion for relief from judgment under Rule 60 (b), ARCP. The owner claimed the right to relief because of mistake, inadvertence, surprise, or excusable neglect.
The motion was supported by an affidavit offered by the owner's attorney. The attorney stated he represented the owner in the criminal matters and in the condemnation proceedings. He stated that one of the criminal charges had resulted in a conviction which was presently on appeal to the Alabama Court of Criminal Appeals. He stated that the District Attorney for the 17th Judicial Circuit, who prosecuted the case and also filed the complaint in the condemnation action, had suggested that all pending cases be continued until the appeal had been concluded. He alleged that, in violation of this agreement, the district attorney then successfully sought the default judgment without notifying him or his client. The record before this court reveals that the attorney's affidavit was uncontested. Put another way, there were no counter-affidavits.
On appeal, in brief, the State contends the district attorney's agreement pertained to only the criminal proceedings and that he had no knowledge that defendant's attorney also represented him in the condemnation action. However, as shown above, the record does not support this contention.
In April of 1979, the trial court denied the motion, concluding that the owner had not shown a right to relief.
The dispositive issue is whether there was an "appearance" by the owner in the condemnation proceeding sufficient to require that notice be given before the default judgment was rendered.
We answer affirmatively. Once entry of default has been obtained against a party who had appeared but has subsequently failed to defend, the actual judgment of default can only be obtained upon the giving of three days notice before the hearing on the application. See, Rule 55 (b)(2), ARCP. There being no such notice given, we must decide if the actions of the owner's attorney amount to an appearance for purposes of Rule 55.
At the outset, we note that our policy favors the determination of cases on the merits, disfavoring default judgments. Cockrell v. World's Finest Chocolate Co., Inc., Ala., 349 So.2d 1117 (1977). Furthermore, courts have refused to apply an overly technical and restrictive definition of "appearance" in construing Rule 55. See, United States v. One1966 Chevrolet Pickup Truck, 56 F.R.D. 459 (E.D.Tex. 1972).
The case of Hutton v. Fisher, 359 F.2d 913 (3rd Cir. 1966), is illustrative of this point. There, defendant, as here, failed to file an answer or file other pleadings but did request and receive an assurance from opposing counsel that he would be given additional time to answer. The case was then assigned to another attorney within the plaintiff's law firm who made application for and got a default judgment. This attorney was not aware of the agreement of his partner. The court held that under such circumstances the entry of the default was improper and that defendant was due notice.
We also find persuasive those federal cases which have considered the problem of multiple actions involving the same parties and attorneys as it relates to Rule 55. They hold that where two actions have been filed and plaintiff knows that counsel who appeared for the defendant in the first action also represents the same defendant in the second action where no formal appearance is made, by legal construction, there is a technical appearance under Rule 55 (b)(2) requiring notice.See, Gomes v. Williams, 420 F.2d 1364 (10th Cir. 1970); Pressv. Forest Laboratories, Inc., 45 F.R.D. 354 (S.D.N.Y. 1968). Under the facts as outlined, this principle applies to the instant case. *Page 363 
Furthermore, the Supreme Court of Alabama, in Cockrell v.World's Finest Chocolate Co., Inc., supra, determined that the notice required by Rule 55 (b)(2), ARCP, must be given when the defaulting party has appeared and "has indicated a clearpurpose to defend the action." (Emphasis supplied.) 349 So.2d at 1120. There, the defendant filed a document stating his attorney would reply within a few days, that defendant had been out of town, and that his attorney would be in contact very soon. The court concluded this was a sufficient "appearance" under the rule.
Under the facts we have before us, as shown by the record, we have no alternative but to find that the district attorney knew of defendant's representation in both the condemnation proceedings and the related criminal charges and had agreed to continue the case pending the resolution of defendant's appeal. Therefore, the requisite intent to defend had been communicated so as to make notice a condition precedent to the taking of a valid default judgment.
Following the decision in Cockrell, supra, the failure to give notice requires vacation of the default judgment irrespective of whether the owner alleged a meritorious defense in his motion for relief.
We would be remiss in not commenting that the appellant's able counsel has favored this court with an excellent brief for which we are grateful.
This case is due to be reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.