This is an appeal from an order of the Circuit Court of Elmore County denying the defendant's motion for relief from judgment filed under Rule 60 (b), ARCP. We reverse and remand with directions.
The judgment from which relief was sought was a default judgment. The defendant's sole contention on appeal is that the default judgment was void because the plaintiffs failed to give the required three-day notice due a party who has appeared in the action under Rule 55 (b)(2), and that, therefore, defendant was entitled to Rule 60 (b) relief. Whether the defendant had "appeared in the action" is the question, then, which is dispositive. The answer to that question requires a review of the proceedings between the parties.
The Robertsons (and others not material here) entered into a lease of premises with The Hen House, Inc., as tenant. A dispute arose between them. On October 24, 1980, the Robertsons filed an action against The Hen House, Inc., No. CV-80-435, in the Circuit Court of Elmore County seeking damages for breach of that lease agreement. A copy of this summons and complaint was served upon the president of The Hen House, Inc., on November 11, 1980.
No pleading or other document was filed in this case by the defendant; consequently on December 15, 1980, the plaintiffs filed an application and affidavit for entry of a default judgment, and on December 23, 1980, the circuit court entered a default judgment against the defendant and in favor of the plaintiffs.
On March 16, 1981, the defendant filed a motion for relief from judgment. In this motion the defendant alleged, among other things, that it was never notified of either the plaintiffs' application for default judgment or the trial court's action in granting it, even though counsel for the parties had discussed the case during the period of pleadings. Moreover, the defendant maintains that circumstances disclose a "constructive appearance" which in law would have required the requisite three days' notice before taking a default judgment.
Those circumstances include several other lawsuits between these parties together with a letter from defendant's counsel to plaintiffs' counsel. According to defendant's counsel, defendant sent its own summons and complaint to the Elmore County circuit clerk on October 22, 1980, with the request that it be filed. This action also alleged a breach of the same lease which was the subject of the plaintiffs' action which was filed two days later. However, the defendant's action was not filed until October 27, 1980, when it was given the designation: CV-80-438. Because the plaintiffs here did not file an answer to CV-80-438, the effect of this exchange, according to the defendant, was that CV-80-435, the plaintiffs' action, was a response to defendant's CV-80-438.
The letter referred to above, dated November 14, 1980, acknowledged receipt of a copy of plaintiffs' summons and complaint (CV-80-435), called attention to defendant's action (CV-80-438) and invited negotiations to clear up any misunderstandings "in a way that will permit your clients to receive their rent on a regular basis."
The circumstances also include another lawsuit filed by the plaintiffs against the defendant, this one being a wrongful detainer action filed in the district court of Elmore County, No. DV-80-255, and alleging *Page 44 
a breach of the same lease agreement which was the subject of the two circuit court actions. The defendant appeared in this action by filing a motion to dismiss and an answer.
It was not until March 5, 1981, that the defendant learned of the default judgment rendered in CV-80-438 whereupon on March 16, 1981, it filed the motion for relief of judgment. Following the denial of that motion the defendant gave notice of appeal, and as parts of the record on appeal sought to have included the complaints in CV-80-435, CV-80-438, DV-80-255, and the answer contained in DV-80-255, as well as defendant's memorandum brief submitted to the trial court in support of defendant's motion for relief from the default judgment. The trial court, after a hearing prompted by the plaintiffs' rejection of this designation, ordered the circuit clerk to include in the clerk's record only the pleadings in CV-80-435,i.e., the plaintiffs' action on the lease.
On the question of whether or not the defendant made an appearance in this case, CV-80-435, the relevancy of the complaints in other cases, even though they were not consolidated with CV-80-435, has been decided in our case ofCockrell v. World's Finest Chocolate Co., Inc., Ala.,349 So.2d 1117 (1977) and Dial v. State, Ala.Civ.App., 374 So.2d 361
(1979). See also Lawler Mobile Homes, Inc. v. Ellison, Ala.Civ.App., 361 So.2d 1092 (1978).
In Cockrell, supra, this Court expressed its policy favoring the determination of cases on the merits and disfavoring default judgments. In that case a default judgment had been granted without notice to the defendant who had filed a document as an "answer." A majority of this Court held that the filing of that document was an "appearance" which necessitated notice to the defendant, and that the default judgment rendered without proof of such notice was due to be vacated regardless of whether or not the defendant had shown a meritorious defense to the action.
Pointing out that courts have refused to apply an overly technical and restrictive definition of "appearance," the Court of Civil Appeals in Dial v. State, supra, found the existence of multiple actions, civil and criminal, in which the district attorney knew that the defendant was represented by the same lawyer, to whom the district attorney had recommended continuances in all pending cases, constituted an "appearance" in the case in which a judgment by default had been entered. See also United States v. One 1966 Chevrolet Pickup Truck,56 F.R.D. 459 (1972). The Court of Civil Appeals found persuasive the federal cases dealing with multiple actions between the same parties and pertaining to Rule 55 judgments:
 They hold that where two actions have been filed and plaintiff knows that counsel who appeared for the defendant in the first action also represents the same defendant in the second action where no formal appearance is made, by legal construction, there is a technical appearance under Rule 55 (b)(2) requiring notice. See, Gomes v. Williams, 420 F.2d 1364 (10th Cir. 1970); Press v. Forest Laboratories, Inc., 45 F.R.D. 354 (S.D.N.Y. 1968).
In Press, supra, the federal district court vacated a default judgment when it was later shown that the defendant's representatives, who had made an earlier appearance in a case involving the same parties and general subject matter, had sufficient contact with the plaintiff's attorney to constitute an appearance. In H.F. Livermore Corp. v. AktiengesellschaftGebruder Loepfe, 432 F.2d 689 (D.C. Cir. 1970), it was held that a defendant had "appeared" in an action when the parties had exchanged letters seeking a settlement, and a default was ordered set aside when the defendant had not received the required notice.
Given the subject matter of the cases filed in district and circuit court, and the defendant's counsel's correspondence with plaintiffs' counsel, it is our conclusion that defendant in this case had also filed an "appearance" for the purposes of Rule 55 (b)(2). Having made an appearance, it was necessary that he be given notice in order to perfect the default judgment. *Page 45 
The plaintiffs argue, however, that the final orders in the cases, DV-80-255 and CV-80-438 are res judicata and bar recovery for the defendant in any event. Such an argument is premature since the plea of res judicata, if made subsequently and successfully, would be applied to the merits of this controversy. Those merits, of course, have not been considered by virtue of the default which proceeded only upon the plaintiffs' complaint.
Having found that the defendant "appeared" for the purposes of Rule 55, we adhere to our view contained in Cockrell, supra, that the failure of notice requires the reversal of the trial court's order on the defendant's Rule 60 (b) motion. Accordingly, that order is reversed and the trial court is directed to vacate the default judgment heretofore entered. It is so ordered.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.