Huey Bracknell appeals from the denial of his Rule 60(b), A.R.Civ. P., motion for relief from a default judgment in an action to quiet title filed by S.E. Belcher, Inc. ("Belcher").
 THE FACTS
Although certain details of the background facts are not entirely clear from the scant record before us, we understand the essential facts to be as follows:
At the time of his death, appellant Huey Bracknell's grandfather, John Bracknell, owned the property in question. In 1949, after John Bracknell died intestate, several of his nine children conveyed their interests in the property to Belcher. Huey's father, who subsequently died intestate, leaving five children, did not convey his interest.
In May 1979, Belcher filed a bill to quiet title, naming as defendants "Heirs and Next of Kin of John Bracknell A/K/A John Brachner, Deceased," and alleging that Belcher "is in the peaceable possession of the [subject property], claiming to own [it]"; that the names and addresses of John Bracknell's heirs are unknown and "cannot be ascertained by your petitioner, after reasonable effort"; and that "the aforesaid heirs and next of kin of John Bracknell . . . claim, or are reputed to claim, some right, title, and interest in [the subject property]."
Based upon the petitioner's affidavit to like effect, the trial court ordered service of process by publication, which was effected between May 17 and June 7, 1979. In December 1979, the trial court appointed a guardian ad litem for the minor, incompetent, and unknown heirs of John Bracknell. On the same date, the guardian ad litem accepted the appointment and filed a general denial, demanding strict proof of the bill's material allegations. On February 26, 1980, the Bibb County Circuit Clerk's office received and marked "filed" a handwritten letter from one William C. Bracknell, stating that he claimed an interest in the subject property, as verified by an enclosed copy of a deed from one Lacey Bracknell, and requesting that he be informed of the hearing of the case by use of an enclosed, self-addressed, stamped envelope.
Then on August 4, 1980, after learning of the pending "bill to quiet title" action from a relative who had seen the published notice, Huey personally appeared in the Bibb County Circuit Clerk's office, identified himself as one of John Bracknell's grandsons, and asked about the status of the litigation. Upon being informed that the action was pending and that no hearing date had been scheduled, he wrote out a list of five full names with complete addresses for each (along with his own name and address, he included his telephone number). At the bottom of the list, the clerk wrote these words: "These are the heirs to the Bracknell property." The clerk then stamped the list "Filed in Office — Bibb County, Alabama — 80 Aug. 4 A.M. 9:44, R.L. Foster, Clerk of Court," and appended the list to the case file. Upon the advice of the clerk, Huey then went to the office of the petitioner's lawyer, told the lawyer of his interest in the property, and furnished the lawyer with his complete address and telephone number; thereupon, Huey was told by the lawyer that he would be notified of the hearing.
October 1, 1980, proved to be a busy day in the life of this case. Five crucial events occurred in that day (we list them in the order of their appearance in the record on appeal):
1) The filing of Belcher's "Application to Clerk for Entry of Default and Supporting Affidavit" (alleging, inter alia, that "Defendants *Page 590 
failed to answer or otherwise defend as to Plaintiff's complaint");
2) The clerk's entry of the defendants' default;
3) The "Appointment and Acceptance of Guardian Ad Litem," including a general denial and a demand for strict proof of all material allegations (the original guardian ad litem was no longer an Alabama resident);
4) The appearance in the record of copies of four deeds, executed by several Bracknell heirs to Belcher (the first of these copies is stamped "Plaintiff's Exhibit 1," apparently signifying that these copies of deeds were introduced as evidence at a hearing on May 1, 1980); and
5) The trial court signed a default judgment styled "Final Decree," reciting that "the cause was submitted upon a sworn complaint; appointment of Guardian ad litem; testimony given in open court; that all of the defendants have had notice of this proceeding in the manner as required by law and that all of the parties are properly before the court; the answer of the Guardian ad Litem, all the evidence and exhibits; and upon all the pleading and other papers on file in this cause." (This "final decree," fixing title to the subject property in Belcher, became a final judgment when it was filed in the clerk's office on October 24, 1980.)
The next entry in the record on appeal is a Rule 60, A.R.Civ.P., motion filed by Huey on May 19, 1983, seeking, on behalf of the heirs at law of John Bracknell, relief from the October 24, 1980, final judgment. The motion was prepared by L. Scott Atkins, as "Guardian ad Litem for Unknown Heirs at Law." The motion states, in support of its Rule 60(b) grounds, each of the material facts hereinabove set out, and concludes by alleging that "the defendants were prevented from making their defense by accident, mistake, or fraud, without fault on their part." On August 17, 1983, the guardian ad litem filed with the circuit clerk a status report, requesting a hearing on the Rule 60(b) motion.
The only notice of any character or description ever given to Huey Bracknell, respecting these proceedings, came by way of a May 1, 1986, letter from the circuit clerk notifying him that the Rule 60(b) motion was set for a hearing on May 19, 1986 (exactly three years from the date of its filing). The letter concluded with this somewhat curious and ironic statement: "It will be necessary for you to be present with your attorney, if you have one. Mr. Scott Atkins [the guardian ad litem] does not represent you, he only represents unknown heirs" (as if to say, "Huey, you can not possibly be an unknown heir, because the court record in this case reflects the full names and addresses of you and each of your brothers and sisters, as well as that of William C. Bracknell, and the record reflects that each of you claims an interest in the subject property, as heirs at law of John Bracknell").
After the appearance of new counsel for Huey, the Rule 60(b) motion was set for hearing; it was denied on July 21, 1986. Huey appeals.
 THE DECISION
The threshold issue, of course, is whether the handwritten list of heirs furnished by Huey to the clerk's office on August 4, 1980, was, in legal effect (i.e., as contemplated by Rule 55, A.R.Civ.P.), an appearance of one or more of the "unknown" heirs of John Bracknell. The mere recitation of the facts, when taken in the context of the nature and character of the quiet title action, seeking to resolve outstanding known claims, cries out for an affirmative response to the question as posed. Indeed, so extreme are these facts in support of Huey's claim for relief that we declare, without reservation or hesitation, that the default judgment of October 24, 1980, is null and void.
Applying the most fundamental principles of fair play to these facts, we hold that Huey's actions in personally presenting the handwritten list of heirs to the clerk's office constituted an "appearance," as contemplated by Rule 55, A.R.Civ.P.; thus, because the three-day notice provision of Rule 55(b)(2) was violated, the trial court *Page 591 
was without discretion in the matter and erred as a matter of law in not granting Huey's Rule 60(b) motion. See Cockrell v.World's Finest Chocolate Co., 349 So.2d 1117 (Ala. 1977). For four recent cases indicative of this Court's policy of disfavoring default judgments, see Illinois Central G.R.R. v.Horton, 514 So.2d 1283 (Ala. 1987) (reversing the trial court's failure to set aside a default judgment under Rule 55(c), A.R.Civ.P.); Bachner v. Citizens Bank, 512 So.2d 93 (Ala. 1987) (reversing the trial court's entry of a default judgment and directing that the judgment be set aside); Johnson v. Moore,514 So.2d 1343 (Ala. 1987); and March v. Stringer, 518 So.2d 65
(Ala. 1987) (reversing the trial court's denial of a Rule 60(b), A.R. Civ.P., motion for relief from a default judgment).
Because the default judgment is void, and not merely voidable, we need not reach the appellee's argument with regard to the appellant's "unreasonable delay" in filing his Rule 60 motion, or the appellee's allegations of the absence of a meritorious defense. See Smith v. Clark, 468 So.2d 138 (Ala. 1985). Furthermore, the failure of the clerk to notify either Huey or the guardian ad litem of the entry of the default judgment pursuant to Rule 77, A.R.Civ.P., militates against the appellee's "unreasonable delay" contention.
Although we have grounded our holding on the limited issue of Huey's "appearance" in the case, we note that there are other grounds for setting aside the challenged default judgment; apparently the "appearance" of William C. Bracknell, as earlier referred to, was totally ignored in the plaintiff's application and affidavit for entry of default and in the final default judgment of October 24, 1980. Also, the three-day notice required by Rule 55(b)(2) was not given to the guardian ad litem, who was appointed and who filed a general denial on the day of the hearing on the plaintiff's application for a default judgment. Indeed, the record does not reflect that the guardian ad litem ever appeared personally at the hearing. It is obvious that he did not have time to examine the court file and prepare an appropriate response to the plaintiff's claim before the hearing, for it was not until he, on behalf of Huey and the other unknown heirs, filed the Rule 60(b) motion that he set out the facts relating to Huey's "appearance" almost 60 days before the entry of the default judgment.
The judgment, therefore, is reversed and the cause is remanded to the circuit court with instructions to set aside the default judgment and afford Huey Bracknell, on behalf of all heirs at law of John Bracknell, deceased, a hearing on the merits of the case.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.