533 So.2d 185 (1988)
Walter Mayberry LEE III
v.
Donna Downey MARTIN.
86-943.
Supreme Court of Alabama.
September 23, 1988.
David F. Daniel and Weyman W. McCranie, Jr., of Brown, Hudgens, Richardson, Mobile, for appellant.
Barry Hess of Hess, Atchison & Horne, Mobile, for appellee.
HOUSTON, Justice.
This is an appeal from a default judgment in a personal injury action. The issues presented are 1) whether settlement negotiations between the plaintiff and the defendant's insurance adjuster before the complaint was filed constituted an "appearance" on behalf of the defendant so that he was entitled to the three-day notice provided in Rule 55(b)(2), Ala.R.Civ.P., and 2) whether the trial judge abused his discretion in refusing to set the default judgment aside.
We hold that the settlement negotiations conducted prior to the date the suit was filed did not constitute an "appearance"; however, we do hold that the trial judge abused his discretion in refusing to set aside the default judgment.

FACTS
The plaintiff, Donna Martin, was involved in a traffic accident with the defendant, Walter Lee III. After some settlement negotiations with Lee's insurance adjuster, David Moody, plaintiff filed suit. The complaint was filed on May 30, 1986, and service of process was perfected on June 26, 1986. No response was filed, and a $100,000 default judgment was entered on August 19, 1986. On December 23, 1986, Martin demanded payment of the judgment from Lee. In response, Lee filed on December 24, 1986, a Rule 60(b), Ala.R. Civ.P., motion for relief from judgment. In a supporting affidavit filed with that motion, the adjuster, Moody, asserted that he had been in the process of moving his insurance office from one location to another, and that the summons and complaint were accidentally put in a box with closed files and were not discovered until he learned that Martin had demanded payment.
*186 The trial court denied the Rule 60(b) motion, and the defendant appeals from that denial.

I.
Defendant Lee contends that Martin's failure to give the three-day written notice required by Rule 55(b)(2) renders the default judgment void. His argument is based upon his claim that he had "constructively appeared" in the action by entering into settlement negotiations with Martin before the suit was filed.
Rule 55(b)(2) provides:
"(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered (A) against an infant, or (B) against an incompetent person, unless represented in the action by a general guardian or other representative as provided in Rule 17(c) who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application, provided, however, that judgment by default may be entered by the court on the day the case is set for trial without such 3 days notice." (Emphasis added.)
Defendant Lee relies upon this Court's case of Hen House, Inc. v. Robertson, 410 So.2d 42 (Ala. 1982), and the leading federal case of H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 139 U.S.App. D.C. 256, 432 F.2d 689 (D.C.Cir.1970), which is cited in Hen House, in support of his argument that he had constructively appeared in the proceeding.
Of course, whether a defendant's acts amount to an "appearance" within the meaning of Rule 55 depends upon the facts and circumstances presented in each case. In Alabama, the general rule relating to an "appearance" is stated in Cockrell v. World's Finest Chocolate, Inc., 349 So.2d 1117, 1120 (Ala.1977), as follows:
"An appearance in an action involves some submission or presentation to the court by which a party shows his intention to submit himself to the jurisdiction of the court. Port-Wide Container Co., Inc. v. Interstate Maintenance Corp., 440 F.2d 1195 (3rd Cir.1971); H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 139 U.S.App.D.C. 256, 432 F.2d 689 (1970); Anderson v. Taylorcraft, Inc., 197 F.Supp. 872 (W.D.Pa. 1961). See also Wright & Miller, supra at § 2686; Anno., 27 A.L.R.Fed. 620; Anno., 73 A.L.R.3d 1250."
In Hen House, this Court held that the filing of another action in the same court, involving the same subject matter as the suit in which a default judgment was obtained, was a "constructive appearance." Recently, in Western Union Telegraph Co. v. Crowder, [Ms. 87-415, August 26, 1988] (Ala. 1988), the Court, rejecting the Livermore rationale, held that correspondence between plaintiff's and defendant's counsel, concerning settlement of the case and an extension of time to answer the complaint, did not constitute an "appearance." The Court noted that in each Alabama case in which an appearance had been found, some writing had been filed in court to indicate an intention to defend the action. As can readily be seen, the import of our cases is that settlement negotiations conducted prior to, or after, the date the suit is filed cannot constitute an "appearance" so as to invoke the three-days' notice requirement of Rule 55(b)(2).
We have also reviewed the cases of Dial v. State, 374 So.2d 361 (Ala.Civ.App.1979), and Evans v. Evans, 441 So.2d 948 (Ala. Civ.App.1983), but we find those cases distinguishable on their facts.

II.
The trial court's refusal to set aside the default judgment in the present case was an abuse of discretion. See Ex parte Illinois Central Gulf R.R. v. Norton, 514 So.2d 1283 (Ala.1987); Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988); and Jones v. Hydro-Wave *187 of Alabama, Inc., 524 So.2d 610 (Ala.1988). For this reason, the judgment denying the Rule 60(b) motion is reversed and the cause remanded. The trial court is instructed to set aside the default judgment and to allow the defendant a reasonable time within which to file his answer and counterclaim that he attempted to file after the default judgment was entered.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.
MADDOX and BEATTY, JJ., concur in part and dissent in part.
MADDOX, Justice (concurring in part; dissenting in part).
I concur in Part I of the opinion, but dissent as to Part II.
While I recognize that default judgments are not favored, Howell v. D.H. Holmes, Ltd., 420 So.2d 26 (Ala.1982), they are authorized by our Rules of Civil Procedure, and I am of the opinion that the trial judge did not abuse his discretion in refusing to set aside the one he entered in this case.
Lee contends that his failure to answer the complaint should be considered "excusable neglect" under Rule 60(b)(1), Ala.R. Civ.P. To support this assertion, Moody, the insurance adjuster, submitted an affidavit stating that the summons and complaint were misplaced because of a heavy workload in his office and that, at the time the summons was received, he was moving his office from one location to another. He stated that the summons and complaint were accidentally placed in a box of "closed" files. Although it is true that default judgments are not favored by the courts, once such a judgment is entered, the power to set it aside rests within the sound discretion of the trial court, and this Court will not overturn the trial court's action unless there is an abuse of discretion. Wade v. Pridmore, 361 So.2d 511 (Ala. 1978).
By its terms, Rule 60(b)(1) has some time limits:
"(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ...
"The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four months after the judgment, order, or proceeding was entered or taken."
In this case, the judgment was entered on August 19, 1986, and the motion to set it aside was filed on December 24, 1986beyond the four-month limit. Lee excuses his tardiness and charges that Martin waited until after four months had passed before she sought satisfaction of her judgment, specifically to avoid the operation of the Rule 60(b) provision. There is no evidence in the record to support this contention, and Martin was within her rights to wait as long as 10 years to seek satisfaction of her judgment, if she wanted to. See Campbell Construction Engineers, Inc. v. Covington, 460 So.2d 1236 (Ala.1984). Broad discretion is accorded to trial courts on Rule 60(b) motions. Based on that principle, I cannot say the trial judge abused his discretion in denying Lee's claim on this ground. Haskew v. Bradford, 370 So.2d 259 (Ala.1979). Neither can I agree with Lee's assertion that his claim for relief should have been granted under the provisions of Rule 60(b)(6), Ala.R.Civ.P.
Rule 60(b)(6) allows a party to seek relief from a final judgment for "any other reason justifying relief from the operation of the judgment."
"Relief under 60(b)(6) is reserved for extraordinary circumstances, and is available only in cases of extreme hardship or injustice. City of Birmingham v. City of Fairfield, 396 So.2d 692 (Ala. 1981); Charles Townsend Ford, Inc. v. Edwards, 374 So.2d 900 (Ala.Civ.App. 1979); Ackermann v. United States, 340 U.S. 193, 712 S.Ct. 209, 95 L.Ed. 207 (1950).

*188 "With these general considerations in mind, we turn to matters more specific in this case. `In order for one to obtain 60(b) relief, he must allege and prove one of the grounds set out under the rules, together with a meritorious defense to the action.' Raine v. First Western Bank, [362 So.2d 846, at 848 (Ala.1978) ]. See also, Whitehead v. Georgia Pacific Corporation, 352 So.2d 1342 (Ala.1977)."
Howell v. D.H. Holmes, Ltd., 420 So.2d 26, 28 (Ala.1982). The parties in this case dispute whether a meritorious defense to the claim has been presented, but there is no question that the relief sought under Rule 60(b)(6) must not be based on "mistake, inadvertence, surprise, or excusable neglect" as provided for under Rule 60(b)(1). Although Rule 60(b)(6) allows relief for any reason justifying relief, and operates exclusively of the specific grounds listed in Rule 60(b)(1) through (5), nevertheless, a party may not escape the time limits of Rule 60(b)(1), (2), and (3) merely by characterizing his motion as a Rule 60(b)(6) motion. Alabama Farm Bureau Mutual Casualty Insurance Co. v. Boswell, 430 So.2d 426, 429 (Ala.1983).
Based on the record before us, I cannot say that the trial judge abused his discretion in refusing to set aside the default judgment under the provisions of Ala.R. Civ.P. 60(b)(6). See my dissents in Illinois C.G.R.R. v. Norton, 514 So.2d 1283 (Ala. 1987); Kirtland v. Fort Morgan Authority Sewer Service, Inc., [1988] 524 So.2d 600 (Ala.1988), and Jones v. Hydro-Wave of Alabama, Inc., 524 So.2d 610 (Ala.1988). I believe this Court, starting with Illinois Central Gulf Railroad, has established a new rule of appellate review of trial judges' action in the default judgment setting and takes from trial judges the power to enter a default judgment in cases where our Rules of Civil Procedure authorize them. Service was perfected in this case on June 26, 1986, over two years ago, and plaintiff has not yet had her day in court, all because an adjuster misplaced a file. I believe that trial judges are in a better position to judge when and under what conditions a default judgment should be set aside, and that is why the law vests broad discretion in them. Because I believe this case, and the ones relied upon by the majority, departs from this time-honored rule, I must respectfully dissent.
BEATTY, J., concurs.