This is an appeal from a denial of the plaintiffs' Rule 60(b)(6), Ala.R.Civ.P., motion. We affirm.
 I. Facts and Procedural History
On March 30, 1997, Claude Wood and Camille Witt were the victims of an attack that occurred at a Taco Mac Restaurant in Birmingham. As a result of the attack, Wood and Witt, through their attorneys David Cromwell Johnson and J. Flint Liddon, sued C.F.J.J. Restaurant II, L.L.C., d/b/a Taco Mac Restaurant ("Taco Mac"), and two bartenders, James Wade and Douglas McGary.[1] Taco Mac filed an answer through its attorneys, Larry W. Harper and Neal D. Moore III; Wade answered pro se.
On May 19, 1999, Harper and Moore became the attorneys of record for Wade, and in September 2000, they withdrew as *Page 911 
attorneys for Taco Mac.[2] Moore remained as attorney for Wade. However, after September 2000, the Jefferson Circuit clerk's office erroneously listed Wade as a pro se defendant; as a result, Moore received no further correspondence from the court regarding the case.
Trial was set for February 12, 2001, but neither Wade nor Taco Mac appeared for trial. Default judgments were entered against both of them. After a hearing, the trial court on March 20, 2001, entered a judgment against Wade and Taco Mac and damages of approximately $600,000 were awarded against them jointly and severally.
On September 26, 2001, Moore (Wade's attorney) and Liddon (Wood and Witt's attorney) jointly filed a Rule 60(b), Ala.R.Civ.P., postjudgment motion to set aside the default judgment against Wade.[3] On that same day, the trial court granted the motion and dismissed Wade from the action with prejudice. Thus, after September 2001, the only judgment debtor was Taco Mac.
On December 21, 2001, D. Benjamin Traylor became Wood and Witt's attorney of record. On December 28, 2001, Traylor filed a "Verified Motion For Relief Under Rule 60(b)" to have the September 26, 2001, order on the joint Rule 60(b) motion set aside, in effect seeking to have Wade reinstated as a defendant and the default judgment against him reentered. The court denied this second Rule 60(b) motion on March 4, 2002.[4] In denying the motion, the court stated:
 "The Court notes that confusion existed in this case due to the withdrawal of an attorney for the Defendants [Harper and Moore's withdrawing as Taco Mac's attorneys] and a change of attorneys representing the Plaintiffs [Traylor's replacing Liddon and Johnson]. In its order of March 20, 2001, a Default Judgment was entered against [Wade]. On September 26, 2001, on motion of *Page 912 
[Moore], Wade's attorney and [Liddon], the original attorney for the Plaintiffs, requested the Court to set aside its Judgment against Wade. Pursuant to such motion the Court entered an order on September 26, 2001, setting aside the Judgment against [Wade] and dismissing claims against him with prejudice. On January 30, 2002, the Court heard arguments on the Plaintiff's 60(b) motion and the Court determined that Attorneys Moore and Liddon had previously agreed as a trial tactic to use Mr. Wade as a witness and to dismiss claims against him."
Wood and Witt appeal from the denial of their second Rule 60(b)(6) motion.
 II. Issues on Appeal
Wood and Witt raise two issues on appeal: (1) whether the trial court's September 26, 2001, order setting aside the default judgment against Wade and dismissing him from the case with prejudice was erroneous, and (2) whether the trial court abused its discretion in entering its March 4, 2002, order denying Wood and Witt's Rule 60(b) motion. However, the only issue properly before this Court is the correctness of the March 4, 2002, order.
 A. The September 26, 2001, Order
On September 26, 2001, the attorneys for Wade and for Wood and Witt filed a joint Rule 60(b), Ala.R.Civ.P., motion to set aside the default judgment against Wade and to have Wade dismissed from the action with prejudice. That same day, pursuant to the motion, Wade's name was removed as a judgment debtor and he was dismissed as a defendant with prejudice.[5] Rule 60(b)(6) "allow[s] courts to vacate judgments when that is necessary to accomplish justice." Blackwell v. Adams,467 So.2d 680, 683 (Ala. 1985).
The proper means of contesting a denial of a Rule 60(b) motion is by direct appeal. See Ex parte Vaughan, 539 So.2d 1060, 1061 (Ala. 1989). However, the September 26, 2001, motion was not denied; it was granted.
The September 26, 2001, motion to set aside the default judgment against Wade and to dismiss him from the action was a joint motion (i.e., filed by both parties) that was ruled on in favor of both partes — the defendant and the plaintiffs. It is well established that only adverse rulings by the trial court are appealable. Nash v. Cosby,574 So.2d 700, 701 (Ala. 1990); Holloway v. Robertson, 500 So.2d 1056,1059 (Ala. 1986); McCulloch v. Roberts, 276 So.2d 425, 430
(Ala. 1973).[6] Wood and Witt may not appeal from a ruling on a motion that was in their favor.
Therefore, the issue of the correctness of the September 26, 2001, order is not properly before this Court.
 B. The March 4, 2002, Order
The decision to grant or deny a Rule 60(b)(6) motion is within the discretion *Page 913 
of the trial judge. Ex parte Wal-Mart Stores, Inc., 725 So.2d 279, 283
(Ala. 1998). The only issue we consider on an appeal from the denial of a Rule 60(b) motion is whether, by denying the motion, the trial court abused its discretion. Id. Therefore, an appeal from the denial of a Rule 60(b)(6) motion "does not present for review the correctness of the judgment that the movant seeks to set aside, but presents for review only the correctness of the order from which the appeal is taken." Satterfieldv. Winston Indus., Inc., 553 So.2d 61, 63 (Ala. 1989).
Rule 60(b)(6) is an extreme remedy and relief under Rule 60(b)(6) will be granted only "in unique situations where a party can show exceptional circumstances sufficient to entitle him to relief." Nowlin v. Druid CityHosp. Bd., 475 So.2d 469, 471 (Ala. 1985). The purpose of Rule 60(b)(6) is not to relieve a party from a free and deliberate choice the party has previously made. City of Daphne v. Caffey, 410 So.2d 8, 10 (Ala. 1982).
Wood and Witt argue that the trial court erred in denying their Rule 60(b)(6) motion, which sought the vacatur of the court's September 26, 2001, order. Wood and Witt contend that the court erred in setting aside the default judgment against Wade in its September 26, 2001, order. However, this Court will look only to the correctness of the March 4, 2002, order denying Wood and Witt's Rule 60(b)(6) motion. We believe the denial of that motion was not an abuse of discretion. Wood and Witt have shown no "exceptional circumstances" which entitle them to relief under Rule 60(b)(6). Nowlin, 475 So.2d at 471.
Moreover, this Court cannot say that the trial court abused its discretion in denying Wood and Witt relief from the September 26, 2001, order, which was procured through a motion Wood and Witt themselves freely and deliberately sought.
Therefore, we affirm the trial court's March 4, 2002, order denying Wood and Witt's Rule 60(b) motion.
AFFIRMED.
Moore, C.J., and Lyons, Johnstone, and Woodall, JJ., concur.
[1] McGary was never served with a copy of the complaint; he was eventually dismissed from the suit.
[2] Harper and Moore were originally retained to represent Taco Mac pursuant to an insurance policy issued by First Financial Insurance Company. First Financial withdrew its insurance coverage after the United States District Court for the Northern District of Alabama held in July 2000 that the insurance policy did not cover Taco Mac for any of the counts asserted in the action filed by Wood and Witt. Additionally, Taco Mac had no cash assets and had no intention to defend against the action. Therefore, Harper and Moore withdrew as attorneys for Taco Mac, and Taco Mac had no objection to their withdrawal.
[3] Before February 12, 2001, the attorneys for both sides had agreed that a judgment would not be taken against Wade. Wood and Witt contend that they never gave Liddon the authority to file the joint motion releasing Wade from the action. However, during oral arguments on a second Rule 60(b) motion on January 30, 2002, Liddon informed the trial court that he had consulted with Wood and Witt and that they had given him permission to set aside the judgment against Wade. The trial court concluded that Wood and Witt had agreed to dismiss the claims against Wade.
[4] On February 26, 2002, while the December 28, 2001, Rule 60(b) motion was pending, Wood and Witt filed an amended complaint naming six new defendants. These new defendants were shareholders in Taco Mac at the time of the assault. After the assault, Taco Mac filed a petition in bankruptcy; the amended complaint is an attempt to pierce the corporate veil.
As a result of the addition of those new defendants, the clerk of the Supreme Court of Alabama issued an order on July 19, 2002, instructing the trial court, among other things, to make the March 20, 2001, default judgment and the September 26, 2001, order granting the Rule 60(b) motion final pursuant to Rule 54(b), Ala.R.Civ.P. The trial court complied with this order on July 29, 2002. However, both orders were already final judgments because, at the time they were entered, Wade and Taco Mac were the only defendants.
[5] In considering a Rule 60(b) motion, the court "`attempt[s] to balance the desire to remedy injustice against the need for finality of judgments,'" and it is within the trial judge's discretion to grant or deny relief under Rule 60(b)(6). Ex parte Wal-Mart Stores, Inc.,725 So.2d 279, 283 (Ala. 1998) (quoting Raine v. First Western Bank,362 So.2d 846, 848 (Ala. 1978)). In this case, Liddon and Moore agreed months before any default judgment was entered against any defendant that, as a matter of trial strategy and as a means of better allocating damages, a judgment would not be taken against Wade. Collection efforts would be made instead against Taco Mac. For these reasons, the trial court granted the joint Rule 60(b) motion.
[6] The one exception to this rule is that a party who prevails on his or her claims may appeal as to the issue of the adequacy of damages. SeeEx parte Vincent, 770 So.2d 92 (Ala. 1999).