900 So.2d 412 (2004)
Ex parte Delaine PHILLIPS and Emmanuel L. Phillips, Sr., individually and d/b/a Phillips Enterprises.
(In re Delaine Phillips et al.
v.
Bredero Price Company, Inc., et al.)
1031513.
Supreme Court of Alabama.
November 5, 2004.
*413 Michael Gillion and Scott W. Hunter of Michael Gillion, P.C., Mobile, for petitioners.
Charles L. Miller, Jr., Mobile, for respondents.
STUART, Justice.
Delaine Phillips and Emmanuel L. Phillips, Sr., individually and d/b/a Phillips Enterprises (hereinafter referred to collectively as "the Phillipses"), petition this Court for a writ of mandamus directing the Mobile Circuit Court to vacate its order setting aside a default judgment entered against Bredero Price Company, Inc., and other defendants and to strike the answers filed by Bredero Price Company, Inc., and the other defendants. We grant the petition and issue the writ.

*414 Facts

On September 17, 2003, the Phillipses sued Bredero Price Company, Inc.; Bredero-Shaw, LLC; Doug Snyder; John Sullivan; Charles Brown; and Buddy Patteson. In the complaint, the Phillipses asserted claims of breach of contract and negligence against Bredero Price and Bredero-Shaw (hereinafter referred to collectively as "Bredero"), a claim of trespass against Patteson, and claims of interference with business/contract and property rights against Snyder, Sullivan, and Brown.
On September 24, 2003, Bredero was served by certified mail. The registered agent for Bredero Price and Bredero-Shaw, CT Corporation, accepted service of the complaint for those entities; however, CT Corporation refused to accept service for the individual defendants. On October 24, 2003, a private process server left the summons and complaints at the Bredero plant for the individual defendants, who were current or former employees of Bredero.
On September 25, 2003, Charles L. Miller, Jr., telephoned the Phillipses' counsel and told him that he occasionally acted as local counsel for Bredero and that he had seen the notice of the Phillipses' lawsuit in The Mobile Record. Miller asked the Phillipses' counsel for a copy of the complaint, which counsel faxed to Miller that day. On October 5, 2003, the Phillipses' counsel received a letter from Miller, stating:
"Thank you for sending me a copy of the complaint .... I am the local corporate counsel for [Bredero]. We will be monitoring this matter for confirmation of service of process. Once service is perfected, I will be in a position to let you know whether I or another lawyer will be defending this case. In the meantime, you can contact me directly if you are interested in exploring settlement."
On November 19, 2003, the Phillipses moved for a default judgment with leave to prove damages against Bredero. On November 26, 2003, in open court, after hearing testimony regarding the damages, the trial court noted that the individual defendants were also in default and entered a default judgment against Bredero and the individual defendants. On December 1, 2003, the trial court entered the default judgment against all defendants and awarded the Phillipses $117,500.
On April 1, 2004, the Phillipses filed a garnishment action against an account of Bredero Price Company, Inc., at Compass Bank. On April 22, 2004, Bredero moved to set aside the default judgment. As grounds for the motion, Bredero argued that the Phillipses did not comply with the three-day notice required by Rule 55(b), Ala. R. Civ. P., for a default-judgment hearing; that Bredero had meritorious defenses to the Phillipses' claims and that it would be severely prejudiced by a default judgment but that the Phillipses would not be prejudiced by the setting aside of the default judgment; and that entry of the default judgment was not the result of any culpable conduct on Bredero's part. Bredero further maintained that because it did not receive notice of the default judgment until four months after it was entered, its motion could also be viewed as being made pursuant to Rule 60(b)(2) and (6), Ala. R. Civ. P.
After a hearing conducted on May 21, 2004, the trial court granted Bredero's motion and set aside the default judgment. On June 9, 2004, Bredero, Brown, Patteson, and Sullivan filed an answer to the complaint; Snyder filed an answer to the complaint on April 22, 2004.
The Phillipses then filed this petition, seeking a writ of mandamus directing the Mobile Circuit Court to vacate its order *415 setting aside the default judgment and to strike the answers filed by the defendants.

Standard of Review
"Because an order setting aside a default judgment is interlocutory and, therefore, not appealable, the proper remedy to review the trial court's action in entering that order is a petition for a writ of mandamus. Ex parte State ex rel. Atlas Auto Finance Co., 251 Ala. 665, 38 So.2d 560 (1948). The standard for issuing a writ of mandamus is well settled:
"`Mandamus is an extraordinary remedy requiring a showing that there is: "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Edgar, 543 So.2d 682, 684 (Ala. 1989); Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991).'
"Ex parte Johnson, 638 So.2d 772, 773 (Ala.1994). And see Ex parte Preston Hood Chevrolet, Inc., 638 So.2d 842 (Ala. 1994); and Ex parte Liberty Nat'l Life Ins. Co., 631 So.2d 865 (Ala.1993). The standard of review this Court applies when considering a petition asking for a writ of mandamus requiring a judge to vacate an order setting aside a default judgment is whether the judge, in setting aside the default judgment, abused his discretion. See DaLee v. Crosby Lumber Co., 561 So.2d 1086 (Ala.1990); Hallman v. Marion Corp., 411 So.2d 130 (Ala.1982)."
Ex parte King, 776 So.2d 31, 33-34 (Ala. 2000).

Legal Analysis
The Phillipses contend that the trial court exceeded the scope of its discretion when it set aside the default judgment against Bredero because, they maintain, Bredero did not timely appear in this action and the Phillipses were therefore not required to provide Bredero with three days' notice of the hearing on the application for a default judgment as required by Rule 55(b), Ala. R. Civ. P.
In its motion to set aside the default judgment, Bredero argued that the correspondence between its counsel and the Phillipses' counsel constituted an appearance. Consequently, Bredero argued that the Phillipses' failure to give Bredero and its counsel three days' notice of the hearing on the application for a default judgment as required by Rule 55(b)(2), Ala. R. Civ. P., required that the default judgment be set aside. Additionally, Bredero argued that because it did not receive notice of the default judgment until four months after it was entered, its motion to set aside the judgment could be considered as having been made pursuant to Rule 60(b)(2) and (6), Ala. R. Civ. P., which provides that a trial court may relieve a party from a final judgment based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial" or for "any other reason justifying relief from the operation of the judgment."
Both of Bredero's arguments rest on a determination of whether Bredero "appeared" before the trial court. According to Bredero, the telephone conversation between its counsel and the Phillipses' counsel and the subsequent letter from its counsel to the Phillipses' counsel constituted an appearance by Bredero in this action.
"An appearance in an action involves some submission or presentation to the court by which a party shows his intention to submit himself to the jurisdiction of *416 the court." Cockrell v. World's Finest Chocolate Co., 349 So.2d 1117, 1120 (Ala. 1977). This Court in Western Union Telegraph Co. v. Crowder, 547 So.2d 876 (Ala. 1989), addressed the meaning of "appearance" in a Rule 55(b)(2), Ala. R. Civ. P., setting, stating:
"First, Western Union urges us to reverse the denial of the Rule 60(b) relief because, it says, 1) as a practical matter, it had appeared in the initial case when it made contact with Kulakowski [the plaintiff's counsel] and obtained an extension of time to file an answer and wrote the letters of October 9 and October 16, 1986, and 2) the default judgment was therefore improper. It says that because it had appeared in the case, the plaintiff was due to give three days' notice prior to applying for a default judgment, as required by Rule 55(b)(2), [Ala.]R.Civ.P., which provides:
"`If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served by written notice of the application for judgment at least three days prior to the hearing on such application....'
"We are of the opinion that there was no appearance by Western Union.
"Although recently we have had the occasion to consider the legal principles that interplay in the exercise of the trial judge's discretion in setting aside a default judgment, we have had only one opportunity to consider what is an `appearance' in the context of Rule 55(b)(2), [Ala.]R.Civ.P. See Bracknell v. S.E. Belcher, Inc., 517 So.2d 588 (Ala.1987). See also, Kirtland v. Ft. Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala. 1988), and Ex parte Illinois Central Gulf R.R., 514 So.2d 1283 (Ala.1987). One of our earlier cases, Cockrell v. World's Finest Chocolate Co., 349 So.2d 1117 (Ala.1977), does shed some light on the problem in this case, although the facts in that case are somewhat different from the facts in this case. In Cockrell, the plaintiff, on April 3, 1975, filed suit against the defendant, and on April 10, 1975, the defendant was served with a copy of the summons and the complaint. On May 8, 1975, the defendant filed a document in court giving the style of the case and the case number and entitled `Answer of the Defendant.' In the document, the defendant's attorney stated that he would be replying in a few days, that the defendant had been out of town since being served, and that his attorney would be in contact very soon. On June 17, 1975, without notice to the defendant, plaintiff filed a motion for, and obtained, a default judgment. This Court held that the document the defendant filed on May 8, 1975, constituted an appearance and, because the defendant was not given the three days' notice required by Rule 55(b)(2), [Ala.]R.Civ.P., the default judgment had to be vacated regardless of whether the defendant had shown a meritorious defense.
"The Court went on further to define an `appearance':
"`An appearance in an action involves some submission or presentation to the court by which a party shows his intention to submit himself to the jurisdiction of the court. Port-Wide Container Co., Inc. v. Interstate Maintenance Corp., 440 F.2d 1195 (3rd Cir.1971); H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 139 U.S.App. D.C. 256, 432 F.2d 689 (1970); Anderson v. Taylorcraft, Inc., 197 F.Supp. 872 (W.D.Pa.1961). See also Wright & Miller, [Federal Practice and Procedure: Civil] at § 2686; Anno., 27 A.L.R.Fed. 620; Anno., 73 A.L.R.2d 1250.'

*417 "A more recent case considering the meaning of `appearance' in a Rule 55(b)(2), [Ala.]R.Civ.P. setting is Hen House, Inc. v. Robertson, 410 So.2d 42 (Ala.1982). In that case, plaintiffs, the Robertsons, filed suit against Hen House, Inc., concerning the lease of premises owned by it. The suit was filed on October 24, 1980, and was served on Hen House, Inc., on November 11, 1980. On December 15, 1980, plaintiffs moved for an entry of default judgment, and on December 23, 1980, the circuit court entered a default judgment against the defendant. On March 16, 1981, the defendant filed a motion for relief from the judgment, claiming that the plaintiff[s] had not given it three days' notice as required by Rule 55(b)(2), [Ala.]R.Civ.P. The defendant pointed out that on October 27, 1980, it had filed a suit against the plaintiffs involving the same lease and argued that such a suit was a constructive answer to the plaintiffs' later suit. Furthermore, on November 14, 1980, the defendant had written a letter to plaintiffs informing them of this prior suit and also acknowledging receipt of plaintiffs' summons and complaint, and inviting negotiations to clear up any misunderstandings concerning the subject matter of the litigation. This Court held in Hen House, that, given the subject matter of the cases filed in the district and circuit courts, together with defense counsel's correspondence with plaintiffs' counsel, the defendant was deemed to have made an appearance for purposes of Rule 55(b)(2), [Ala.]R.Civ.P., and, therefore, was entitled to three days' notice before a default judgment could be taken. A similar result was reached by the Court of Civil Appeals in Dial v. State, 374 So.2d 361 (Ala.Civ.App.1979).
"Our research, however, does not reveal an Alabama case that has found a letter or letters exchanged between plaintiff's and defendant's counsel to be an `appearance' within the meaning of Rule 55(b)(2). In each case finding an appearance, some writing has been filed in court to indicate an intention to defend the action. However, the federal courts have treated letters as an `appearance.' See H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689 (D.C.Cir.1970); Charlton L. Davis & Co. v. Fedder Data Center, Inc., 556 F.2d 308 (5th Cir.1977). The rationale of those cases, if applied to the present case, would require a holding that an appearance had been made, since under those cases mere correspondence between plaintiff's and defendant's counsel wherein defendant gives an indication that the defendant is serious about defending the case is sufficient to constitute an appearance. Although we attempt to weave a consistent pattern with our interpretations of our rules of civil procedure, which were patterned after the federal rules of civil procedure, we are constrained not to follow the federal precedent in this case. See Weatherly v. Baptist Medical Center, 392 So.2d 832 (Ala.1981). We do not do so, for important policy considerations. We do not believe that trial counsel should have authority to enlarge the time for answering a complaint without some filing, as meager as it might be, with the court. In Cockrell, it was a letter document indicating that counsel was interested in defending the case, but was, because of the exigencies of the situation, unable to answer the complaint at that time and would do so in due course. This course of action would have been expedient in this case and would have prevented the problem now before us.

*418 "Because counsel did not file a written memorandum or document with the circuit court, we hold that no appearance was made to invoke the three-days' notice requirement of Rule 55(b)(2), [Ala.]R.Civ.P."
Western Union Tel. Co., 547 So.2d at 878-79.
Applying the principles and rationale set forth in Western Union, we conclude that Bredero did not make an appearance in this action. A telephone conversation and a letter between opposing counsel do not constitute a "submission or presentation to the court by which a party shows [its] intention to submit [itself] to the jurisdiction of the court." Cockrell, 349 So.2d at 1120. Because Bredero's counsel did not file a written document with the trial court, no appearance was made to invoke the three-day notice requirement of Rule 55(b)(2).
Because Bredero never made an appearance in this action, the trial court exceeded the scope of its discretion when it granted Bredero's motion to set aside the default judgment.
The Phillipses also contend that the trial court exceeded the scope of its discretion when it set aside the default judgment against Bredero. The Phillipses maintain that Bredero's motion to set aside the default judgment, filed more than four months after the entry of the judgment, was untimely and that, therefore, relief pursuant to Rule 60(b), Ala. R. Civ. P., is not proper. Rule 60(b), Ala. R. Civ. P., provides:
"On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment ... for the following reasons:... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); ... or (6) any other reason justifying relief from operation of the judgment. The motion shall be made within a reasonable time, and for reason[] ... (2) ... not more than four (4) months after the judgment, order, or proceeding was entered or taken."
Here, Bredero did not file a timely Rule 60(b)(2), Ala. R. Civ. P., motion. The trial court entered the default judgment as to all defendants on December 1, 2003. Bredero did not file its motion to set aside the default judgment until April 22, 2004. Clearly, Bredero's motion based on Rule 60(b)(2) was not timely; it was filed more than four months after the entry of the final judgment.
We agree with Bredero that the four-month rule does not apply to its claim made pursuant to Rule 60(b)(6), Ala. R. Civ. P.; however, we need not determine whether the ground presented pursuant to Rule 60(b)(6) was timely filed because Bredero did not present "any other reason justifying relief from operation of the judgment." Bredero argued:
"Although the ... judgment was entered against all named Defendants, it was void as to individuals based upon [the Phillipses'] failure to file the motion required by Rule 55. Thus, service at the plant did not constitute perfection of service on these individuals. Accordingly, the order is interlocutory and not final until final disposition is made to all the Defendants."
This Court has consistently held:
"The decision to grant or deny a Rule 60(b)(6) motion is within the discretion of the trial judge. Ex parte Wal-Mart Stores, Inc., 725 So.2d 279, 283 (Ala. 1998). The only issue we consider on an appeal from the denial of a Rule 60(b) motion is whether, by denying the motion, the trial court abused its discretion. *419 Id. Therefore, an appeal from the denial of a Rule 60(b)(6) motion `does not present for review the correctness of the judgment that the movant seeks to set aside, but presents for review only the correctness of the order from which the appeal is taken.' Satterfield v. Winston Indus., Inc., 553 So.2d 61, 63 (Ala.1989).
"Rule 60(b)(6) is an extreme remedy and relief under Rule 60(b)(6) will be granted only `in unique situations where a party can show exceptional circumstances sufficient to entitle him to relief.' Nowlin v. Druid City Hosp. Bd., 475 So.2d 469, 471 (Ala.1985). The purpose of Rule 60(b)(6) is not to relieve a party from a free and deliberate choice the party has previously made. City of Daphne v. Caffey, 410 So.2d 8, 10 (Ala. 1982)."
Wood v. Wade, 853 So.2d 909, 912-13 (Ala. 2002).
Here, Bredero did not show "exceptional circumstances" that entitled the defendants to relief under Rule 60(b)(6). Indeed, Bredero did not support this ground with any evidence tending to establish, and the record and the answer filed by Bredero, Brown, Patteson, and Sullivan and the answer filed by Snyder do not plead, defective service of process. Therefore, the trial court exceeded the scope of its discretion in setting aside the default judgment based on Bredero's grounds presented pursuant to Rule 60(b), Ala. R. Civ. P.

Conclusion
The Phillipses have established a clear legal right to have the order setting aside the default judgment vacated and an imperative duty on the trial court to act. Therefore, we grant the petition and issue the writ.
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and WOODALL, JJ., concur.
HOUSTON, J., concurs specially.
HOUSTON, Justice (concurring specially).
I concurred in the opinion written by Justice Adams in Western Union Telegraph Co. v. Crowder, 547 So.2d 876 (Ala. 1989), so I concur here. However, civility, if not the law, should compel a lawyer for a party who has been contacted by another lawyer representing an opposing party in litigation to notify that other lawyer before he or she takes steps to have the action concluded without its being decided on the merits.
More than 30 years ago, when I was practicing law and representing a plaintiff in a civil action, I moved for and obtained a default judgment against the defendant. An attorney contacted me and told me that he had orally contacted me earlier and advised me that he was representing the defendant in the litigation. I did not remember the discussion at all. Based on the attorney's affidavit, which I did not oppose, because I thought that it was unseemly to have a battle of affidavits about what was or was not said between attorneys, the default judgment was set aside. I did not seek appellate review of that decision; ultimately, my client prevailed on the merits. I was distressed that opposing counsel thought that I would seek a default judgment without first notifying him, had opposing counsel notified me that he was representing the defendant. I felt that my civility had been attacked.