In April 1992, the University of South Alabama, doing business as University of South Alabama Medical Center (Medical Center), filed a complaint in the District Court of Mobile County, seeking payment for medical services rendered to Gary E. Southworth. Service was attempted by certified mail at an address in New Orleans, Louisiana, which address appears on Southworth's letterhead. Thereafter, Southworth filed a motion to quash, contending that service of process was insufficient to comply with Rule 4.1(c), A.R.Civ.P., and that the court therefore lacked jurisdiction over the person of the defendant. The motion was set for hearing in June 1992. Southworth failed to appear for this hearing, and the district court entered a default judgment against Southworth in the amount of Medical Center's claim of $4,691.03, together with interest of $283.00 plus court costs.
In July 1992, Medical Center filed interrogatories and requests for production, seeking to discover assets of Southworth from which the judgment could be satisfied. Southworth responded by filing an objection to the interrogatories, contending that his motion to quash had not been ruled upon, that no judgment had been entered against him, and that the court had lacked jurisdiction over him. The objection to interrogatories was denied by the district court. Following other proceedings for sanctions against Southworth, his attorney filed a motion for relief from the judgment pursuant to Rule 60(b)(6), A.R.Civ.P., contending, in substance, a lack of jurisdiction, improper venue, and a lack of notice of default. The motion was denied, and Southworth appealed to this court. In accordance with Ala. Code 1975, §12-12-71, and Terry v. Frisbee, 404 So.2d 345 (Ala.Civ.App.), cert. denied, Ex parte Terry, 404 So.2d 347 (Ala. 1981), this court transferred the appeal to the Circuit Court of Mobile County. Following oral argument, the circuit court affirmed the judgment of the district court; hence, this appeal.
We find the dispositive issue on appeal to be whether there was an "appearance" by Southworth sufficient to require that notice be given before the default judgment was rendered, and we pretermit discussion of other issues raised by Southworth on appeal. Southworth's motion to quash sought to raise defenses pursuant to Rule 12(b), A.R.Civ.P., for lack of jurisdiction over the subject matter, for lack of jurisdiction over the person, and for insufficiency of process. Rule 12(dc)(2), A.R.Civ.P., states that "the provisions for the assertion of certain defenses by motion at the option of the pleader" are not available in the district court; however, the Comments to that rule state, "Of course, the defenses traditionally asserted under a Rule 12(b) motion can, nonetheless, be made by answer. . . . However, a party will not be deemed in default if he has served an appearance in the form of a motion to dismiss." See Rule 55(dc)(4), A.R.Civ.P. Accordingly, Southworth's motion to quash was an appearance in the nature of a motion to dismiss. Rule 55(dc), A.R.Civ.P. Once an entry of default has been obtained against a party who has appeared but has subsequently failed to defend, the actual judgment of default can be obtained only upon providing three days' notice before the hearing on the application, except that a default judgment may be entered by the court on the day the case is set for trial. Rule 55(b)(2), A.R.Civ.P.; Dial v. State,374 So.2d 361 (Ala.Civ.App. 1979). Our Supreme Court has determined that the notice required by Rule 55(b)(2), A.R.Civ.P., must be given when the defaulting party has appeared and "has indicated a clear purpose to defend the action." Cockrell v. World'sFinest Chocolate Co., 349 So.2d 1117, 1120 (Ala. 1977). It is without dispute that no three day notice was given before the hearing on the application for default judgment, nor was *Page 898 
the cause set for trial on the merits at the time the judgment of default was entered.
This court's decision in Dial and our Supreme Court's decision in Cockrell dictate that the failure to give notice requires a vacation of the default judgment, irrespective of whether Southworth alleged a meritorious defense in his motion for relief; accordingly, the judgment is due to be reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.