In the Matter of James Robert LARY, Debtor.

Joy R. Webster, Trustee, Plaintiff,

v.

Betty L. Cape and J. Coleman Tidwell, Trustee, Defendants.

Bankruptcy No. 04–54138 RFH.

Adversary No. 04–5181.

United States Bankruptcy Court, M.D. Georgia, Macon Division.

Aug. 3, 2005.

494

Robert M. Matson, Macon, GA, for Plaintiff.

Margrett A. Skinner, Macon, GA, for Debtor.

Robert P. Westin, Gordon, GA, for Betty L. Cape.

Ed. S. Sell, III, Macon, GA, for J. Coleman Tidwell, trustee.

## MEMORANDUM OPINION

ROBERT F. HERSHNER, JR., Chief Judge.

Betty L. Cape, Defendant, filed on May 20, 2005, a Motion to Set Aside the Default

Judgment. Defendant's motion came on for hearing on June 7, 2005. The Court, having considered the record and the arguments of counsel, now publishes this memorandum opinion.

Defendant filed on June 24, 2003, a petition under Chapter 7 of the Bankruptcy Code. J. Coleman Tidwell ("Mr. Tidwell") was the Chapter 7 trustee of Defendant's bankruptcy estate. The Court entered a final decree and closed Defendant's bankruptcy case in September 2003. Mr. Tidwell discovered that Defendant may have failed to list certain property in her bankruptcy schedules. Defendant's bankruptcy case was reopened in March 2004. Mr. Tidwell was reappointed to be the trustee.

James Robert Lary, Debtor, is Defendant's brother. Debtor filed on September 13, 2004, a petition under Chapter 7 of the Bankruptcy Code. Joy R. Webster, Plaintiff, is the Chapter 7 trustee of Debtor's bankruptcy estate.

Plaintiff filed on December 23, 2004, an adversary proceeding to avoid as fraudulent a prepetition transfer of property from Debtor to Defendant. Defendant and Mr. Tidwell are named as the defendants.[1] Defendant filed an answer on January 5, 2005. Mr. Tidwell filed on January 7, 2005, an answer and asserted a cross-claim against Defendant. Defendant did not serve a timely answer to the cross-claim.[2]

Mr. Tidwell filed on May 10, 2005, a request for entry of default on his cross-claim. The Clerk of this Court made an Entry of Default on May 11, 2005.

Mr. Tidwell filed on May 12, 2005, a motion for entry of judgment by default. The Court signed a judgment by default on Sunday, May 15, 2005.[3] The judgment was entered on the Court's docket on Monday, May 16, 2005.

Defendant filed on May 20, 2005, a motion to set aside the judgment by default and an answer to the cross-claim. At the hearing on June 7, 2005, Defendant's counsel offered no reason or excuse for failing to serve a timely answer to the cross-claim.

A judgment by default may be set aside for mistake, inadvertence or excusable neglect. Fed. R. Bank. P. 7055, 9024, Fed.R.Civ.P. 55(c), 60(b)(1).

"In order to establish mistake, inadvertence, or excusable neglect, the defaulting party must show that: (1) it has a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *Florida Physician's Insurance Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993).

Defendant's counsel offers no reason or excuse for not timely serving an answer to the cross-claim. The Court is not persuaded that Defendant has shown mistake, inadvertence or excusable neglect. *See Gibbs v. Air Canada*, 810 F.2d 1529, 1537 (11th Cir.1987) (failure to establish minimum procedural safeguards to ensure that answer is filed does not constitute excusable neglect).

---

1. Plaintiff contends that the property at issue should be property of Debtor's bankruptcy estate. Mr. Tidwell contends that the property at issue should be property of Defendant's bankruptcy estate.

2. Fed. R. Bank. P. 7012(a) (answer to cross-claim must be served within twenty days).

3. A judge is authorized to sign orders at any time and place. 9 *Collier on Bankruptcy*, ¶ 5001.01, p. 5001–3 (15th ed. rev.2005).

Defendant also argues that she did not have the three days notice required by Rule 55(b)(2),[4] which provides in part:

**Rule 55. Default**

. . .

(b) **Judgment**. Judgement by default may be entered as follows:

. . .

(2) **By the Court.** In all other cases the party entitled to a judgment by default shall apply to the court therefor: . . . If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. . . .

Fed.R.Civ.P. 55(b)(2).

Defendant "appeared" in this adversary proceeding by serving an answer to the complaint and by participating in discovery.

■ "An appearance also entitles the defaulting party to three days' notice of the application for a judgement." 10A C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure,* § 2686, p 41 (1998).

■ "A failure to give the three-day required notice generally is considered a serious procedural error that justifies the reversal or the setting aside of a default judgment." *Federal Practice and Procedure* § 2687, p 53.

■ Mr. Tidwell served his motion for entry of judgment by default on May 12, 2005. The Court signed the default judgment on Sunday, May 15, 2005. The Court is not persuaded that Defendant had the three days notice to which Defendant was entitled. The Court is persuaded that Defendant is entitled to relief from the judgment by default.

■ Defendant also argues that the relief sought in the cross-claim is different from the relief granted in the judgment by default. Mr. Tidwell, in his cross-claim, requested the following relief:

WHEREFORE, the Trustee [Mr. Tidwell] prays for the following relief:

. . .

(b) In the event that the Court determines that the transfer of Property from James Robert Lary, III [Debtor] to Cape [Defendant] as alleged in the petition should be set aside for the reasons set forth therein, that this Court order Cape [Defendant] to turn over to the Trustee [Mr. Tidwell] her one-half undivided interest in the Property. . . .

Mr. Tidwell's counsel prepared the judgment by default that was signed by the Court. The judgment by default provides in part:

NOW, THEREFORE, IT IS CONSIDERED, ORDERED AND ADJUDGED that the Trustee [Mr. Tidwell] shall recover from Cape [Defendant] a one-half undivided interest in the property at 1220 Newberg Avenue, and Cape [Defendant] is hereby ordered to turn over said property so it can become property of Cape's [Defendant's] bankruptcy estate.

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Fed.R.Civ.P. 54(c); Fed. R. Bankr.P. 7054(a).

"A judgment in a default case that awards relief that either is more than or

---

**4.** Rule 55 applies in adversary proceedings. Fed R. Bankr.P. 7055.

different in kind from that requested originally is null and void and defendant may attack it collaterally in another proceeding." *Federal Practice and Procedure* § 2663, pp 167–69.

The relief sought in the cross-claim was contingent upon the Court determining that the transfer from Debtor to Defendant should be set aside.[5] The relief granted in the judgment by default, which was prepared by Mr. Tidwell's counsel, is different in kind and exceeds the relief originally sought by Mr. Tidwell.

The Court is persuaded that Defendant is entitled to relief from the judgment by default and that Defendant's answer to the cross-claim should be allowed.

An order in accordance with this memorandum opinion will be entered this date.

---

5. This adversary proceeding is scheduled for trial on August 16, 2005.