PITTMAN, Judge.
 

 Adam Stanfield (“the husband”) appeals from the denial of his motion seeking to set aside a default judgment entered by the Autauga Circuit Court in a divorce proceeding initiated by Kristal Stanfield (“the wife”).
 

 In March 2006, the wife filed a complaint for a divorce in the trial court. At the same time, the wife filed a motion for a hearing on pendente lite relief and a motion seeking a temporary restraining order against the husband. In April, the trial court entered a pretrial order and an order granting pendente lite relief. In September 2006, the wife filed a motion seeking a default judgment; in that motion she alleged that the husband had failed to answer the divorce complaint, to comply with the pendente lite orders, and to respond to her discovery requests. On October 17, 2006, the trial court granted the wife’s request, but on November 13, 2006, the husband filed a motion to set aside the default judgment and filed an answer to the complaint. Two days later, the trial
 
 *875
 
 court granted the husband’s motion to set aside the default judgment. The trial court set another pendente lite hearing, but on December 12, 2006, the parties filed an agreement in the trial court concerning the parties’ proposed obligations and the amounts each party proposed to pay during the pendency of the divorce action.
 

 Following the filing of numerous discovery requests and motions, including a motion filed by the wife to have the husband found in contempt of court for failing to adhere to the pendente lite agreement, the trial court set a final hearing date for all pending motions and the divorce complaint for May 8, 2007.
 

 On May 8, 2007, the trial court entered a default judgment in favor of the wife and granted the husband’s attorney’s previously filed motion to withdraw. The trial court’s judgment stated that neither the husband nor legal counsel for the husband had been present when the court had convened its hearing on the divorce complaint and all pending motions.
 

 On June 8, 2007, the husband, who had obtained legal representation, filed a motion to set aside the default judgment. Attached to that motion was an affidavit of a psychiatrist, Dr. Eric Hedberg, who affirmed that on May 8, 2007, he had seen the husband and had hospitalized him for observation because of suicidal impulses and threats. Although that motion was styled as a motion filed pursuant to Rule 55, Ala. R. Civ. P., it was filed 31 days after the entry of the default judgment. However, Rule 60(b), Ala. R. Civ. P.,
 
 [1]
 
 may warrant relief from a default judgment in certain instances when more than 30 days have passed since the entry of a default judgment.
 
 See Campbell v. Campbell,
 
 910 So.2d 1288, 1291 (Ala.Civ.App.2005). The trial court denied the husband’s motion on July 10, 2007; the husband filed his notice of appeal on August 21, 2007. On appeal, the husband contends that the trial court acted outside its discretion by failing to grant his motion seeking to set aside the default judgment. We agree.
 

 In
 
 Kirtland v. Fort Morgan Authority Sewer Service, Inc.,
 
 524 So.2d 600 (Ala.1988), our Supreme Court established a two-pronged analysis for evaluating whether to grant a motion for relief from a default judgment. This two-pronged analysis is designed to balance the two competing policy interests of judicial economy and a litigant’s right to defend on the merits.
 
 Kirtland,
 
 524 So.2d at 604. The first prong of the analysis identified by the
 
 Kirtland
 
 Court is that the trial court must
 
 presume
 
 that cases “should be decided on the merits whenever practicable.” 524 So.2d at 604. The second prong of the analysis entails consideration of three factors commonly referred to as the
 
 Kirtland
 
 factors: “1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct.”
 
 Kirtland,
 
 524 So.2d at 605.
 

 As this court recently observed in
 
 Sumlin v. Sumlin,
 
 931 So.2d 40 (Ala.Civ.App.2005), the two-pronged analysis applied in determining whether to set aside a default judgment begins with the presumption that a case should be decided on the merits whenever practicable
 

 “because
 
 ‘the interest in preserving a litigant’s right to a trial on the merits is paramount and, therefore, outweighs the
 
 
 *876
 

 interest of promoting judicial economy.’ [Kirtland,]
 
 524 So.2d at 604. It is against this presumption and its recognition of the paramount nature of a litigant’s right to defend on the merits that this court should interpret and apply the second step in the
 
 Kirtland
 
 analysis.”
 

 931 So.2d at 44 (emphasis added). As
 
 Kirtland
 
 itself explains:
 

 “[A] trial judge should start with the presumption that cases should be decided on the merits whenever practicable.
 
 Hritz v.
 
 Woma
 
 Corp.,
 
 732 F.2d 1178, 1181 (3rd Cir.1984). The Alabama Constitution and our past opinions construing the default judgment rule support the conclusion that the interest in preserving a litigant’s right to a trial on the merits is paramount and, therefore, outweighs the interest of promoting judicial economy. We have repeatedly held that the trial court’s use of its discretionary authority should be resolved in favor of the defaulting party where there is doubt as to the propriety of the default judgment.
 
 Johnson v. Moore,
 
 514 So.2d 1343 (Ala.1987);
 
 Elliott v. Stephens,
 
 [399 So.2d 240 (Ala.1981)];
 
 Oliver v. Sawyer,
 
 359 So.2d 368 (Ala.1978);
 
 Knight v. Davis,
 
 356 So.2d 156 (Ala.1978). We have affirmatively acknowledged the dis-favorable treatment afforded default judgments on the ground that such judgments preclude a trial on the merits.
 
 Oliver v. Sawyer, supra,
 
 at 369. We have also construed Rule 55(c) as contemplating a liberal exercise of a trial court’s discretion in favor of setting aside default judgments.
 
 Ex parte Illinois Central Gulf R.R.,
 
 514 So.2d 1283 (Ala.1987). Moreover, Article 1, §§ 6 and 13, Alabama Constitution of 1901, by guaranteeing the due process rights of citizens, and Article 1, § 10, by holding inviolate a person’s right to defend himself in a civil action to which he is a party, elucidates this state’s commitment to protect an individual’s right to attain an adjudication on the merits and to afford litigants an opportunity to defend.
 
 We, therefore, emphatically hold that a trial court, in determining whether to grant or to deny a motion to set aside a default judgment, should exercise its broad discretionary powers with liberality and should balance the equities of the case with a strong bias toward allowing the defendant to have his day in court.”
 

 524 So.2d at 604-05 (emphasis added).
 

 The “strong bias” recognized in
 
 Kirtland
 
 toward deciding cases on the merits is particularly strong in domestic-relations cases. As this court stated in
 
 DeQuesada v. DeQuesada,
 
 698 So.2d 1096 (Ala.Civ.App.1996), “ ‘a court should be particularly reluctant to uphold a default judgment (and thereby deprive a litigant of his day in court) because it means that such important issues as child custody, alimony, and division of property will be summarily resolved.’ ” 698 So.2d at 1099 (quoting
 
 Evans v. Evans,
 
 441 So.2d 948, 950 (Ala.Civ.App.1983)). “ ‘Indeed, we can envision no species of case in which the “strong bias” in favor of reaching the merits,
 
 see Kirtland,
 
 524 So.2d at 605, could be any stronger than in a case such as this involving custody of a minor child.’ ”
 
 Buster v. Buster,
 
 946 So.2d 474, 478 (Ala.Civ.App.2006) (quoting
 
 Sumlin,
 
 931 So.2d at 44).
 

 Although the wife asserts that she and the parties’ children will be unfairly prejudiced by setting aside the default judgment, she invokes only the general jurisprudential policy of finality of judgments rather than stating any substantive reasons for denying the husband his day in court. The wife also suggests that the husband may have been guilty of culpable conduct because he did not obtain counsel between the time his former counsel with
 
 *877
 
 drew and the trial date; however, we do not believe that such conduct constitutes the type of culpable conduct that might militate in favor of the trial court’s refusal to set aside the default judgment.
 
 [2]
 

 Based on our review of the record and the parties’ arguments, and in the context of the particularly strong presumption in favor of deciding domestic-relations cases on their merits, we conclude that a proper weighing of the factors to be considered under
 
 Kirtland
 
 cannot justify the trial court’s denial of the husband’s motion to set aside the default judgment. We therefore reverse the trial court’s denial of the husband’s motion, instruct the trial court to set aside the default judgment, and remand the cause for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur.
 

 MOORE, J., concurs in the result, without writing.
 

 [1]
 

 . Rule 60(b)(1), Ala. R. Civ. P., allows relief from a judgment for a number of grounds, including "excusable neglect.”
 

 [2]
 

 . "Conduct committed wil[l]fully or in bad faith constitutes culpable conduct for purposes of determining whether a default judgment should be set aside. Negligence by itself is insufficient.”
 
 Kirtland,
 
 524 So.2d at 607. Although the record indicates that the husband had failed to fully abide by the pen-dente lite orders, the doctor’s affidavit indicates that the husband missed the scheduled divorce trial because he was in a suicidal state and had been hospitalized by the doctor, not because of willful conduct or any action taken in bad faith.