THOMPSON, Presiding Judge.
 

 Cheryl Abernathy a/k/a Cheryl Bush (“Abernathy”) appeals from a default judgment entered by the Franklin Circuit Court in favor of Green Tree Servicing, LLC (“Green Tree”). For the reasons set forth herein, we reverse the default judgment and remand the cause for additional proceedings.
 

 Green Tree filed an action against Abernathy on June 16, 2009. Green Tree alleged that Abernathy had defaulted on payments that she owed under a retail installment contract by which she had purchased a mobile home. Green Tree alleged that Abernathy’s debt to it was secured by the mobile home. Green Tree sought a judgment from the court vesting it with possession of the mobile home.
 

 Abernathy did not file an answer. On July 24, 2009, Green Tree filed a motion for a default judgment. On the same day, the trial court granted that motion and entered the requested default judgment. The judgment awarded possession of the mobile home to Green Tree.
 

 On August 24, 2009, Abernathy filed a motion pursuant to Rules 59 and 60(b), Ala. R. Civ. P., seeking relief from the July 24, 2009, default judgment. She argued that the summons and complaint had been left with her mother by a sheriffs deputy but that she had been unable to locate the papers left with her mother and did not realize that Green Tree had sued her. She also argued that she had continued to make payments on the mobile home. On September 1, 2009, counsel for Green Tree
 
 *424
 
 wrote counsel for Abernathy and informed him that Green Tree would not oppose Abernathy’s motion seeking relief from the July 24, 2009, default judgment because Abernathy had made an effort to bring her payments on the mobile home current. On September 2, 2009, the trial court entered an order granting Abernathy’s motion and setting aside the July 24, 2009, default judgment. The trial court ordered Abernathy to file an answer within 14 days. Abernathy failed to do so.
 

 On November 12, 2009, Green Tree again filed a motion for a default judgment. On November 13, 2009, the trial court granted that motion and entered the requested default judgment, again awarding Green Tree possession of the mobile home. On November 16, 2009, Abernathy filed an objection to the November 13, 2009, default judgment, as well as a supplement to that objection, in which she argued that she had a meritorious defense to Green Tree’s claim based on the fact that she was continuing to make payments on the mobile home. We construe Abernathy’s objection as a motion to set aside the default judgment pursuant to Rule 55(c), Ala. R. Civ. P. On November 19, 2009, Abernathy filed an answer to the complaint. On December 4, 2009, she filed a motion that she styled an “additional motion to set aside default judgment” in which she stated, among other things: “Defendant’s attorney did not receive copy of second motion for default. It was sent to the client.”
 

 On January 5, 2010, the trial court denied Abernathy’s motion to set aside the November 13, 2009, default judgment. Abernathy filed a timely appeal to this court.
 

 Abernathy contends, among other things, that Green Tree did not provide her with appropriate notice of its November 12, 2009, application for a default judgment and that, as a result, the trial court erred when it entered the November 13, 2009, default judgment. Specifically, she argues that Rule 55(b)(2), Ala. R. Civ. P., required that her attorney be given three days’ written notice before the entry of the November 13, 2009, default judgment and that the failure to provide such notice constitutes reversible error. We agree.
 

 We begin our analysis by pointing out what we have affirmatively acknowledged in many cases: default judgments are disfavored because “‘such judgments preclude a trial on the merits.’ ”
 
 Stanfield v. Stanfield,
 
 2 So.3d 873, 876 (Ala.Civ.App.2008) (quoting
 
 Kirtland v. Fort Morgan Auth. Sewer Serv., Inc.,
 
 524 So.2d 600, 604 (Ala.1988)). Rule 55(b) provides, in relevant part:
 

 “Judgment. Judgment by default may be entered as follows:
 

 “(1)
 
 By the Clerk.
 
 When the plaintiffs claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant,
 
 if the defendant has been defaulted for failure to appear
 
 and if the defendant is not a minor or incompetent person.
 

 “(2)
 
 By the Court.
 
 In all other cases the party entitled to a judgment by default shall apply to the court therefor....
 
 If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party’s representative) shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such
 
 application.... If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to deter
 
 *425
 
 mine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury pursuant to the provisions of Rule 38[, Ala. R. Civ. P.].”
 

 (Emphasis added.) The Committee Comments on 1973 Adoption of Rule 55 provide, in pertinent part: “Rule 55(b)(2) relegates the entry of the default judgment to the court in all other cases.
 
 This portion of the rule provides for three days notice prior to entry of default judgment, when the defendant has once appeared.”
 
 (Emphasis added.) The failure to provide the notice of the application for a default judgment as required by Rule 55(b)(2) renders the default judgment
 
 “void,
 
 and not merely voidable,”
 
 Bracknell v. S.E. Belcher, Inc.,
 
 517 So.2d 588, 591 (Ala.1987), and “requires a vacation of the default judgment,”
 
 Southworth v. University of South Alabama Med. Ctr.,
 
 637 So.2d 896, 898 (Ala.Civ.App.1994).
 

 In the present case, it is undisputed that Abernathy made an appearance by virtue of her postjudgment motion seeking relief from the July 24, 2009, default judgment. As a result, Green Tree was required to give three days’ written notice to her representative of its November 12, 2009, application for a default judgment. It is undisputed that Green Tree failed to do so. As a result, Green Tree violated the notice provision of Rule 55(b)(2), and the trial court erred when it entered the November 13, 2009, default judgment.
 

 Green Tree argues that Abernathy did not raise in the trial court her contention that Green Tree failed to provide her with written notice of its November 12, 2009, application for a default judgment, and, as a result, that she has waived consideration of that contention on appeal. However, in her December 4, 2009, supplemental motion to set aside the November 13, 2009, default judgment, Abernathy argued in the trial court that her attorney had not been served with a copy of the application for a default judgment. In our view, this argument was sufficient to preserve for appeal the contention she now raises.
 

 In support of the trial court’s judgment, Green Tree also argues that the trial court did not exceed its discretion in failing to set aside the November 13, 2009, default judgment because Abernathy failed to demonstrate the so-called
 
 Kirtland
 
 factors, i.e., that she failed to demonstrate (1) that she had a meritorious defense to Green Tree’s claim, (2) that Green Tree would not be prejudiced by the setting aside of the default judgment, and (3) that the entry of the default judgment was not the result of her own culpable conduct.
 
 See Kirtland v. Fort Morgan Auth. Sewer Serv., Inc.,
 
 524 So.2d at 605. Although, as a general rule, a trial court must consider the
 
 Kirtland
 
 factors when determining whether to set aside a default judgment, such evidence was not required in the present case. Our supreme court has stated that, when the three-day notice provision of Rule 55(b)(2) is violated, a trial court is “without discretion in the matter” and errs to reversal if it refuses to set aside the default judgment.
 
 Bracknell,
 
 517 So.2d at 591. Moreover, our supreme court has written that the failure to provide the notice required by Rule 55(b)(2) “requires vacation of the default judgment
 
 regardless as to whether defendant has shown a meritorious defense or not.” Cockrell v. World’s Finest Chocolate Co.,
 
 349 So.2d 1117, 1120 (Ala.1977) (emphasis added).
 
 See also Southworth,
 
 637 So.2d at 898 (“This court’s decision in
 
 Dial
 
 [v.
 
 State,
 
 374 So.2d 361 (Ala.Civ.App.1979),]
 
 *426
 
 and our Supreme Court’s decision in
 
 Cock-rell
 
 dictate that the failure to give notice requires a vacation of the default judgment,
 
 irrespective of whether Southworth alleged a meritorious defense in his motion for
 
 relief....” (emphasis added)).
 

 Green Tree next argues, in effect, that a trial court is not required to hold a hearing on an application for a default judgment and that, when, as in this case, the trial court does not hold such a hearing, the requirement that notice of the application be provided to the nonmoving party is not triggered. In support of this argument, Green Tree points out that the language of Rule 55(b)(2) ties the provision of notice of the application for a default judgment to the time at which the trial court holds the hearing by providing that such notice must be served on the party or his representative “at least three (3) days prior to the hearing on such application.”
 

 Green Tree’s interpretation of Rule 55(b)(2) as providing for notice of the application for a default judgment only if the trial court decides to hold a hearing on the application is too narrow. The portion of the rule on which Green Tree relies does not speak to
 
 whether
 
 notice must be given but, instead, to the
 
 time by which
 
 notice of the application must be given. That notice must be given can be assumed from the language of the rule. Admittedly, the language of the rule is difficult to apply when a trial court does not hold a hearing on an application for a default judgment. However, given the purpose of providing notice of an application for a default judgment against a party that has appeared in the case, the requirement that notice be provided cannot hinge on whether the trial court holds a hearing on the application, especially given that the notice to be given is that an application for a default judgment has been sought, not that a hearing has been scheduled on that application. Indeed, the authors of Rule 55 understood that the notice called for in Rule 55(b)(2) was necessary before the entry of a default judgment when, in the Committee Comments, they stated that “[t]his portion of the rule provides for three days notice
 
 prior to entry of default judgment,
 
 when the defendant has once appeared.” Rule 55, Committee Comments on 1973 Adoption (emphasis added). Other jurisdictions that have addressed the issue have arrived at the same conclusion.
 
 See, e.g., Webster v. Cape (In re Lary),
 
 331 B.R. 493, 496 (Bankr.M.D.Ga.2005) (“[The plaintiff] served his motion for entry of judgment by default on May 12, 2005. The Court signed the default judgment on Sunday, May 15, 2005. The Court is not persuaded that Defendant had the three days notice to which Defendant was entitled. The Court is persuaded that Defendant is entitled to relief from the judgment by default.”); and
 
 In re Marriage of Neneman,
 
 217 Mont. 155, 159-60, 703 P.2d 164, 166-67 (1985) (reversing default judgment when notice of application for default judgment was not provided as required by Rule 55(b), despite the fact that trial court entered default judgment without hearing).
 

 Green Tree also argues that Rule 55(b)(2) was not applicable to this action because Green Tree sought only possession of the mobile home and that, as a result, the default judgment could have been entered by the circuit clerk under the provisions of Rule 55(b)(1). However, Rule 55(b)(1) applies only to defendants who have “been defaulted for failure to appear.” In the present case, Abernathy was defaulted for having failed to file an answer as ordered by the trial court in its order setting aside the July 24, 2009, default judgment; she was not defaulted for failing to appear in the case. As a result, Rule 55(b)(2), rather than Rule 55(b)(1), is applicable to this action.
 

 
 *427
 
 Green Tree last contends in support of the default judgment that the entry of the default judgment without notice having been provided as required by Rule 55(b)(2) was, at most, harmless error. Green Tree admits that the caselaw interpreting Rule 55(b)(2) provides that “the defaulting party is automatically entitled to vacation of a default judgment that was entered without notification of any hearing regarding the application for default.” Green Tree’s brief at 24-25 (citing
 
 Southworth,
 
 637 So.2d at 897-98). However, Green Tree argues, Abernathy filed a motion to set aside the default judgment and the trial court held a hearing on that motion. The trial court’s holding a hearing on that postjudgment motion, Green Tree argues, was sufficient to provide Abernathy with the process she was due under Rule 55(b)(2), even if she was not given proper notice of the application for a default judgment before it was granted. We disagree.
 

 The trial court’s entry of the November 13, 2009, default judgment resulted in Abernathy’s having to resort to post-judgment remedies. Had Abernathy been given notice of the application for default judgment, her burden after the entry of the default judgment would have been to demonstrate, through evidence, a meritorious defense, a lack of prejudice to Green Tree by setting aside the default judgment, and that the entry of the default judgment was not because of her own culpable conduct.
 
 See Kirtland,
 
 supra. She was not under a burden to provide such evidence before the November 13, 2009, entry of the default judgment. Thus, to argue, as Green Tree does, that the fact that Abernathy was given a hearing after the default judgment was entered cured the harm, if any, caused by the erroneous entry of the default judgment simply ignores the very different litigation position Abernathy found herself in as a result of the entry of the default judgment. We cannot say, as a result, that she was not harmed by the erroneous entry of the default judgment.
 

 Based on the foregoing, we reverse the November 13, 2009, default judgment and remand the cause to the trial court for additional proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.