THOMPSON, Presiding Judge.
Kelly A. Bates (“the mother”) appeals from an order of the Mobile Circuit Court (“the trial court”) denying her Rule 55, Ala. R. Civ. P., motion to set aside the défault judgment entered against her. The default judgment was entered after the mother failed to appear at a hearing on a petition for a change of custody and for a modification of child support filed by David E. Bates (“the father”).
The record indicates the following. The parties were divorced in 2007. The parties have 2 minor children who are currently 12 and 14 years old. Pursuant to the 2007 divorce judgment, joint legal custody of the children was awarded to the parties, and the mother was awarded primary physical custody. The father was ordered to pay child support. It is undisputed that the father currently has a child-support arrearage of approximately $10,000.
On July 3, 2014, the father, acting pro se, filed a handwritten petition for a modification of custody and child support. A hearing on the. petition was held by the trial court on November 17, 2014. The mother failed to appear at the hearing. Thus, on November 20, 2014, the trial court entered a default judgment in favor of the father, granting the father custody *978 of the children and ordering the mother to pay child support.
Subsequently, the mother hired an attorney, who filed a notice ,of appearance on November 26, 2014. On December 1, 2014, the mother filed a motion to set aside the default judgment. A hearing on the motion was held by the trial court on February 23, 2015. At the hearing, the trial court, ex mero motu, struck the affidavit of the parties’ 14-year-old child, and it subsequently entered an order denying the mother’s motion to set aside the default judgment. The mother filed a timely notice of appeal on March 20, 2015.
On appeal, the mother contends that the trial court abused its discretion in denying her motion to set aside the default judgment. “The applicable standard of review in appeals stemming from a trial court’s granting or denying a motion to set aside a default judgment is whether the trial court’s decision constituted an abuse of discretion.” Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600, 603 (Ala.1988). Rule 55(c), Ala. R. Civ. P., states:
“In its discretion, the court may set aside an entry of default at any time before judgment. The court may on its own motion set aside a judgment by default within thirty (30) days after the entry of the judgment. The court may also set aside a judgment by default on the motion of a party filed not later than thirty (30) days after the entry of the judgment.”
When exercising its discretionary authority regarding whether to set aside a default judgment, a trial court should begin with the presumption that cases should be decided on the merits whenever possible. Kirtland, 524 So.2d at 604. “[TJhis court and the Supreme Court have reiterated that the trial court ‘should exercise its broad discretionary powers with liberality and should balance the equities of the case with a strong bias toward allowing the defendant to have his day in court.’” DeQuesada v. DeQuesada, 698 So.2d 1096, 1098 (Ala.Civ.App.1996) (quoting Hutchinson v. Hutchinson, 647 So.2d 786, 788 (Ala.Civ.App.1994)). Furthermore,
“ ‘[b]y its plain language, Rule 55(c) confers broad discretionary authority upon trial judges. This discretion, however, is not boundless: Rule 1(c), Ala. R. Civ. P., states: “These rules shall be construed to secure the just, speedy and inexpensive determination of every action.” Thus, Rule 1 mandates that trial courts construe Rule 55(c) to effectuate an expeditious, efficient, and just resolution of litigation. This requires a trial court to balance two competing policy interests associated with default judgments: 1) the need to promote judicial economy and 2) the need to preserve an individual’s right to defend on the merits. See C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, Civil, § 2693 (2d ed.1983).’ ”
Ex parte Family Dollar Stores of Alabama, Inc., 906 So.2d 892, 898 (Ala.2005) (quoting Kirtland, 524 So.2d at 604).
In determining whether to set aside a default judgment, the trial court should consider the following three factors: “1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct.” Kirtland, 524 So.2d at 605.
Moreover, a particularly “strong bias” exists for deciding domestic-relations cases on the merits. Buster v. Buster, 946 So.2d 474, 478 (Ala.Civ.App.2006). As this court stated in DeQuesada, “‘[w]e think that especially in the divorce context, a *979 court should be particularly reluctant to uphold a default judgment (and thereby deprive a litigant of his day in court) because it means that such important issues as child custody, alimony, and division of property will be summarily resolved.’ ” 698 So.2d at 1099 (quoting Evans v. Evans, 441 So.2d 948, 950 (Ala.Civ.App.1983)).
Furthermore, this court has previously stated, that “ ‘we can envision no species of case in which the “strong bias” in favor of reaching the .merits ... could be any stronger than in a case such as this involving custody of a minor child.” Buster, 946 So.2d at 478 (quoting Sumlin v. Sumlin, 931 So.2d 40, 44 (Ala.Civ.App.2005), quoting in turn Kirtland, 524 So.2d at 605).
The mother argues that the default judgment should have been set aside because, she says, she presented a meritorious defense to the father’s modification petition in her motion. ‘“To present a meritorious defense, for Rule 55(c) purposes, does not require that the movant satisfy the trial court that the movant would necessarily prevail at a trial on the merits, only that the movant show the court that the movant is prepared to present a plausible defense.’” B.E.H., Jr. v. State ex rel. M.E.C., 71 So.3d 689, 693 (Ala.Civ.App.2011) (quoting Sampson v. Cansler, 726 So.2d 632, 634 (Ala.1998)). Moreover, the defense offered “must be of such merit as to induce the trial court reasonably to infer that allowing the defense to be litigated could foreseeably alter the outcome of the case.” Kirtland, 524 So.2d at 606.
In her motion to set aside the default judgment, the mother argued that the father has not attempted to have a relationship with the two children, that the children do not wish to live with or even visit their father, and that the father has an arrearage of approximately $10,000 in his child-support obligation. Furthermore, the mother argued that awarding the father custody would- not materially promote the best interests of the children. Thus, it is likely that the mother can produce evidence that could change the trial court’s judgment, and, therefore, we find that the mother has established a meritorious defense to the father’s petition.
Next, the mother alleges that the father would not be unfairly prejudiced if the default judgment is set aside. “ ‘[T]he prejudice warranting denial of a Rule 55(c) motion must be substantial.’ ” Phillips v. Randolph, 828 So.2d 269, 276 (Ala.2002) (quoting Kirtland, 524 So.2d at 607). Furthermore, “ ‘[m]ere delay or increased cost is not sufficient to justify a refusal to set aside a default judgment.’” Hambright v. Hambright, 935 So.2d 1185, 1188 (Ala.Civ.App.2006) (quoting Ex parte Gilliam, 720 So.2d 902, 906 (Ala.1998)).
The father would not be substantially prejudiced if the default judgment is set aside, the mother argues, because the father stated at the heading on her motion to set aside that his main concern was visitation with his children and not obtaining primary physical custody of the children. Furthermore, the mother argues that the father did not provide any evidence at the hearing on her motion or make any allegations that he would be unfairly prejudiced if the default judgment were set aside. The record shows that the mother filed her motion to set aside the.default judgment within one week after the default judgment was entered. Thus, we conclude that the father would not be substantially prejudiced if the trial court held an evidentiary hearing to determine the merits of the father’s petition.
Lastly, the mother argues that the default judgment was not the result of any culpable conduct. She argues that her conduct was not committed • willfully or *980 made in bad faith but was instead the result of negligence on her part. “Conduct committed wilfully or in bad faith constitutes culpable conduct for purposes of determining whether a default judgment should be set aside. Negligence by itself is insufficient.” Kirtland, 524 So.2d at 607. Willful or bad-faith conduct includes “incessant and flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority, or intentional nonresponsiveness.” Id. at 608. “However, a defaulting party’s reasonable explanation for inaction and noncompliance may preclude a finding of culpability.’.’ M
At the hearing on the mother’s motion to set aside the default judgment, the mother stated that she incorrectly believed that her presence was not necessary at the hearing on the father’s petition for a modification of custody and child support. Instead, she says, she believed a guardian ad litem would be appointed to represent the children’s best interests as had occurred in the parties’ previous divorce proceedings. We agree that, given the prior history in. their case, the mother’s belief that a guardian ad litem would be appointed to represent the minor children was a plausible explanation for her absence ■ at the hearing. Furthermore, upon'learning of the default judgment, the mother promptly hired counsel and filed a motion to set aside the judgment. We conclude that the mother’s absence at the hearing was not the result of willful or bad-faith conduct but was instead, at most, negligence.
Based on the foregoing, we find that the mother has demonstrated that each of the Kirtland factors weigh in her favor. She has established a meritorious defense, has shown that the father would not be unduly prejudiced, and has proven that her failure to appear at the hearing on the father’s petition did not, constitute culpable conduct. We therefore conclude that the trial court abused its discretion in failing to grant the mother’s motion to set aside the default judgment. Accordingly, we reverse the trial court’s judgment and remand the cause for further proceedings.
REVERSED AND REMANDED.
PITTMAN, THOMAS, MOORE, and, DONALDSON, JJ., concur.