PITTMAN, Judge.
This appeal arises from domestic-relations proceedings in the Dallas Circuit Court. In 2013, Barbara Joann Jones ("the former wife") filed a complaint seeking a divorce from Willie James Jones, Jr. ("the former husband"); that civil action was assigned case number DR-13-900003 ("the divorce action"). An order was entered in the divorce action in June 2013 that, among other things, awarded the former wife pendente lite periodic alimony in the amount of $600 per month and reserved certain issues for a subsequent hearing. On April 1, 2015, after an ore tenus hearing at which both parties and their attorneys appeared, the trial court entered a final judgment in the divorce action terminating the pendente lite alimony as of September 1, 2013, and declining to award *165 periodic alimony, but reserving the power to award periodic alimony in the future and directing the former husband to pay the former wife a $1,500 pendente lite alimony arrearage and $3,420 as one-half of the total charges for the funeral services for Audrey A. Jones, the parties' deceased daughter. Under Crenshaw v. Crenshaw, 816 So.2d 1046 (Ala. Civ. App. 2001), a trial court's reservation of the periodic-alimony issue "is, for all intents and purposes, a denial of alimony at the time of the original divorce," and "a request for an award of alimony after the reservation of the issue must be based upon a material change of circumstances." 816 So.2d at 1048.
In February 2016, the former wife initiated a new civil action against the former husband seeking modification of the parties' divorce judgment as to periodic alimony and enforcement of the payment obligations in the April 1, 2015, final judgment entered in the divorce action; that new civil action was assigned case number DR-13-900003.01 ("the modification and enforcement action"). The former wife alleged in her complaint in that action that the former husband had received a lump-sum disability settlement that would allow him to discharge his financial obligations in the divorce judgment and that, as to periodic alimony, he was working and earning moneys surreptitiously in addition to receiving disability payments. The former husband was personally served in March 2016 with process in the modification and enforcement action at the address for him supplied by counsel for the former wife, but he did not respond to the former wife's pleading, nor did counsel appear on his behalf in that action.
While the modification and enforcement action was pending, the former wife initiated independent efforts in the divorce action to garnish moneys held by the former husband at Wells Fargo Bank, and the trial court held one or more hearings in the divorce action regarding the former husband's compliance with the April 1, 2015, final judgment entered in the divorce action. On January 3, 2017, the parties and their attorneys of record in the divorce action appeared for a hearing, after which the trial court entered an order in the divorce action recalculating the outstanding financial obligations of the former husband under the divorce judgment in light of certain partial payments and setting forth a payment schedule for the former husband's full satisfaction of those obligations.
Although the January 3, 2017, order entered in the divorce action touched and concerned some of the issues raised in the modification and enforcement action, that order notably did not address the periodic-alimony issue. In June 2017, the former wife sent a handwritten letter to the trial court requesting that the modification and enforcement action be placed on the docket as soon as possible; that letter did not indicate that a copy thereof had been served upon the former husband. In response to the former wife's letter, the trial court entered an order in the modification and enforcement action setting a hearing on the former wife's "Request for Hearing" at 9:00 a.m. on September 20, 2017, and directing notice of that hearing to be sent both to counsel for the former wife and -- because no attorney had appeared for the former husband in that action -- to the former husband's last known address on file. The former wife's attorney then filed a motion to withdraw, which the trial court granted, and the former wife thereafter proceeded pro se. On September 20, 2017, the former wife appeared for the scheduled hearing in the modification and enforcement action, but neither the former husband nor any attorney acting on his behalf appeared; there is no transcript of *166 that hearing in the appellate record, and it is thus unclear whether the former wife, a pro se litigant, adduced evidence at that hearing to establish her right to relief.[1] The trial court entered a judgment on October 23, 2017, noting that the former husband had failed to appear at the hearing; that judgment awarded the former wife a $3,400 judgment as to the unpaid funeral-home expenses and periodic alimony of $600 per month for 24 months beginning in October 2017.
Under Rule 55(c), Ala. R. Civ. P., a trial court "may ... set aside a judgment by default on the motion of a party filed not later than thirty (30) days after the entry of the judgment." On November 16, 2017, within the applicable 30-day period, the former husband, appearing through counsel for the first time in the modification and enforcement action, filed a postjudgment motion to set aside the default judgment, asserting that neither he nor counsel had received notice of a hearing and that his income was approximately $1,000 per month. The former husband subsequently requested a hearing on that postjudgment motion, which the trial court set for January 23, 2018.
At the hearing on the postjudgment motion, the former husband introduced an evidentiary exhibit indicating that he receives a net amount of $1,083 each month from the Social Security Administration after deduction of Medicare premiums. In addition, the former husband testified at that postjudgment hearing (a) that he was unable to perform any electrical work, which had been his trade, and that Social Security benefits were his sole income each month; (b) that he had been paying rent of $400 per month while living with his sister, leaving him funds of less than $100 per month after the alimony deduction was taken into account (much of which residue he was also paying to his sister for her expenses); (c) that he cannot live on a monthly income reduced by the alimony payments; and (d) that he did not receive any notice to be present for the hearing in the modification and enforcement action leading to the October 23, 2017, default judgment. Six days after the hearing had concluded, the trial court entered an order on January 29, 2018, denying the former husband's postjudgment motion to set aside the default judgment. The former husband timely appealed, identifying the January 29, 2018, postjudgment order as the pertinent "judgment" as to which he sought appellate review. Cf. Rule 4(a)(1), Ala. R. App. P. (last sentence providing that "[o]n an appeal from [an] ... order a party shall be entitled to a review of any judgment, order, or ruling of the trial court").
In his appellate brief, the former husband reasserts his contentions that he received no notice of the September 20, 2017, hearing in the modification and enforcement action and that he has no ability to pay the alimony awarded to the former wife in the default judgment. In Stanfield v. Stanfield, 2 So.3d 873 (Ala. Civ. App. 2008), we set forth a number of pertinent principles governing appellate review of trial-court orders entered on motions to set aside default judgments such as that under review in this appeal:
"In Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala. 1988), our Supreme Court established a two-pronged analysis for evaluating whether to grant a motion for *167 relief from a default judgment. This two-pronged analysis is designed to balance the two competing policy interests of judicial economy and a litigant's right to defend on the merits. Kirtland, 524 So.2d at 604. The first prong of the analysis identified by the Kirtland Court is that the trial court must presume that cases 'should be decided on the merits whenever practicable.' 524 So.2d at 604. The second prong of the analysis entails consideration of three factors commonly referred to as the Kirtland factors: '1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct.' Kirtland, 524 So.2d at 605.
"As this court recently observed in Sumlin v. Sumlin, 931 So.2d 40 (Ala. Civ. App. 2005), the two-pronged analysis applied in determining whether to set aside a default judgment begins with the presumption that a case should be decided on the merits whenever practicable
" 'because "the interest in preserving a litigant's right to a trial on the merits is paramount and, therefore, outweighs the interest of promoting judicial economy." [ Kirtland,] 524 So.2d at 604. It is against this presumption and its recognition of the paramount nature of a litigant's right to defend on the merits that this court should interpret and apply the second step in the Kirtland analysis.'
" 931 So.2d at 44 (emphasis added). As Kirtland itself explains:
" '[A] trial judge should start with the presumption that cases should be decided on the merits whenever practicable. Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3rd Cir. 1984). The Alabama Constitution and our past opinions construing the default judgment rule support the conclusion that the interest in preserving a litigant's right to a trial on the merits is paramount and, therefore, outweighs the interest of promoting judicial economy. We have repeatedly held that the trial court's use of its discretionary authority should be resolved in favor of the defaulting party where there is doubt as to the propriety of the default judgment. Johnson v. Moore, 514 So.2d 1343 (Ala. 1987) ; Elliott v. Stephens, [399 So.2d 240 (Ala. 1981) ]; Oliver v. Sawyer, 359 So.2d 368 (Ala. 1978) ; Knight v. Davis, 356 So.2d 156 (Ala. 1978). We have affirmatively acknowledged the disfavorable treatment afforded default judgments on the ground that such judgments preclude a trial on the merits. Oliver v. Sawyer, supra, at 369. We have also construed Rule 55(c) as contemplating a liberal exercise of a trial court's discretion in favor of setting aside default judgments. Ex parte Illinois Central Gulf R.R., 514 So.2d 1283 (Ala. 1987). Moreover, Article 1, §§ 6 and 13, Alabama Constitution of 1901, by guaranteeing the due process rights of citizens, and Article 1, § 10, by holding inviolate a person's right to defend himself in a civil action to which he is a party, elucidate[ ] this state's commitment to protect an individual's right to attain an adjudication on the merits and to afford litigants an opportunity to defend. We, therefore, emphatically hold that a trial court, in determining whether to grant or to deny a motion to set aside a default judgment, should exercise its broad discretionary powers with liberality and should balance the equities of the case with a strong bias toward allowing the defendant to have his day in court.'
*168 " 524 So.2d at 604-05 (emphasis added).
"The 'strong bias' recognized in Kirtland toward deciding cases on the merits is particularly strong in domestic-relations cases. As this court stated in DeQuesada v. DeQuesada, 698 So.2d 1096 (Ala. Civ. App. 1996), ' "a court should be particularly reluctant to uphold a default judgment (and thereby deprive a litigant of his day in court) because it means that such important issues as child custody, alimony, and division of property will be summarily resolved." ' 698 So.2d at 1099 (quoting Evans v. Evans, 441 So.2d 948, 950 (Ala. Civ. App. 1983) )."
2 So.3d at 875-76. Accord Bates v. Bates, 194 So.3d 976, 978-79 (Ala. Civ. App. 2015) (applying same principles in context of review of default judgment entered in modification action).
The former husband's assertions of inability to pay were in the nature of a claimed meritorious defense on the merits to that aspect of the former wife's complaint seeking modification of the underlying divorce judgment so as to award her periodic alimony. As we have noted, under Crenshaw, supra, the former wife's entitlement to relief on such a claim depends upon a showing of a material change of circumstances, and the former wife, "as the party seeking the modification, ha[s] the burden of establishing that a material change in circumstances ha[s] occurred," as well as "that the [former] husband ha[s] an ability to pay." Flores v. Flores, 978 So.2d 791, 793 (Ala. Civ. App. 2007).
A meritorious defense in the context of a motion to set aside a default judgment " ' "does not require that the movant satisfy the trial court that the movant would necessarily prevail at a trial on the merits, only that the movant show the court that the movant is prepared to present a plausible defense." ' " Bates, 194 So.3d at 979 (quoting B.E.H. v. State ex rel. M.E.C., 71 So.3d 689, 693 (Ala. Civ. App. 2011), quoting in turn Sampson v. Cansler, 726 So.2d 632, 634 (Ala. 1998) ). The defense offered must additionally " 'be of such merit as to induce the trial court reasonably to infer that allowing the defense to be litigated could foreseeably alter the outcome of the case.' " Bates, 194 So.3d at 979 (quoting Kirtland, 524 So.2d at 606 ).
In this case, the former husband's testimony and evidentiary submission at the postjudgment hearing in support of his motion to set aside indicated that, if the alimony award were allowed to stand, he would have less than $100 per month in disposable income from disability payments and would, in addition, be without any means to earn additional income. Those showings directly concerned the former husband's ability to pay any periodic-alimony award that the trial court might enter in response to the former wife's complaint in the modification and enforcement action. Because that evidence could foreseeably change the trial court's judgment, we conclude that the former husband established a meritorious defense to the former wife's complaint under the first criterion specified in Kirtland and its progeny.
The second Kirtland factor is prejudice to the nonmoving party. In the trial court, the former wife, appearing pro se, did not file any response to the former husband's motion to set aside in which she might have specified any prejudice that would result from an order setting aside the default judgment and restoring the case to the active docket of the trial court. Moreover, her remarks to the trial court during the hearing on the postjudgment motion were largely directed to extraneous matters, such as whether the former husband had engaged in extramarital affairs or disparaging behavior directed toward *169 the former wife's child during the parties' marriage; her sole statements potentially bearing upon prejudice were her opinions that the former husband has "an excuse for everything" and her disclosure that her current residence was in Montgomery rather than in the city in which the trial court was located. However, " ' "[m]ere delay or increased cost is not sufficient to justify a refusal to set aside a default judgment." ' " Bates, 194 So.3d at 979 (quoting Hambright v. Hambright, 935 So.2d 1185, 1188 (Ala. Civ. App. 2006), quoting in turn Ex parte Gilliam, 720 So.2d 902, 906 (Ala. 1998) ). The record thus contains nothing tending to support the denial of the former husband's motion on a prejudice theory.
Finally, the third Kirtland factor requires consideration of the culpability of the movant's conduct. " 'Conduct committed wil[l]fully or in bad faith constitutes culpable conduct for purposes of determining whether a default judgment should be set aside,' " whereas " '[n]egligence by itself is insufficient.' " Stanfield, 2 So.3d at 877 n.2 (quoting Kirtland, 524 So.2d at 607 ). Although "[w]illful or bad-faith conduct includes 'incessant and flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority, or intentional nonresponsiveness,' " " 'a defaulting party's reasonable explanation for inaction and noncompliance may preclude a finding of culpability.' " Bates, 194 So.3d at 980 (quoting Kirtland, 524 So.2d at 608 ).
In this case, the former wife's complaint in the modification and enforcement action was personally served upon the former husband in March 2016 at the address supplied by her counsel. Neither the former husband nor his counsel in the divorce action filed any response to that pleading, and counsel for the former husband did not file a notice of appearance in the modification and enforcement action so as to indicate to the trial court that the former husband had obtained legal representation as to that action. Under subsections (a) and (b) of Rule 5, Ala. R. Civ. P., "every written motion other than one which may be heard ex parte" and "every written notice" is to be served upon pro se parties in civil actions by "delivering ... or mailing it to ... the party at the ... party's last known address."[2]
For all that appears in the record, the former wife's handwritten letter was not served on the former husband in the manner contemplated by Rule 5. Further, although the second supplemental record in this appeal reveals that a notice was sent on July 6, 2017, by the trial court to the former husband's last known address, the notice simply stated that the former wife's pro se "Request for Hearing" had been set for a hearing on September 20, 2017, at 9:00 a.m. Also, at the hearing on the postjudgment motion, the former husband expressly denied having received notice from the trial court, and the former husband's testimony further indicated that he had been residing with his sister. Finally, as the former husband's counsel has noted in his reply brief, the hearing notice was sent by the trial court in the modification and enforcement action although, as the third supplemental record indicates, a substantial number of the same issues had been adjudicated by the trial court in its January 3, 2017, order in the divorce action, which was entered after a hearing at which both parties had appeared in person and through counsel.
*170 Although we need not go so far as to hold, as the former husband would have us hold, that a "mix-up" of the two actions involving the former wife and the former husband occurred such that the trial court's denial of the motion to set aside would necessarily amount to a denial of due process -- a contention that was not apparently made in the trial court in the first instance -- we do glean from the record that the former husband's conduct, while potentially negligent, was not culpable under Kirtland and its progeny. The former husband was notified by the trial court, at most, that the former wife had, acting pro se, requested a hearing in the modification and enforcement action and that a hearing had been set on that request. Even assuming that the former husband's testimony that he had not received the notice sent by the trial court was not truthful or, in the former wife's words, was merely "an excuse," we cannot conclude on this record that the failure of the former husband to appear at the scheduled hearing on the former wife's "Request for Hearing," which was not served on the former husband, amounts to culpable conduct that meets the standard of "incessant and flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority, or intentional nonresponsiveness." Kirtland, 524 So.2d at 608. We would emphasize that we reach that conclusion with the "particularly strong" bias in favor of a trial court's reaching a decision in domestic-relations cases on the merits ( Stanfield, 2 So.3d at 876 ) firmly in mind.
Based upon the foregoing facts and authorities, we conclude that the trial court erred in denying the former husband's postjudgment motion to set aside the default judgment entered in favor of the former wife. The order denying that motion is reversed, and the cause is remanded to the trial court to enter an order setting aside the default judgment and for further proceedings on the merits of the former wife's claims in the modification and enforcement action.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Thompson, P.J., and Thomas, Moore, and Donaldson, JJ., concur.

Although Rule 55(e), Ala. R. Civ. P., requires, as a prerequisite to the entry of a default judgment, that a party in "an action for divorce or annulment" must provide proof of that party's right to relief notwithstanding an opponent's default, the former wife's complaint in the modification and enforcement action did not seek those forms of relief.

We disagree, however, that the former wife's handwritten letter was an "original complaint" under Rule 5(a) so as to require service of a summons under Rule 4(a), Ala. R. Civ. P.